## HEUSER v. FEDERAL TRADE COMMISSION.

(Circuit Court of Appeals, Seventh Circuit. March 2, 1925.)

No. 3396.

1. Trade-marks and trade-names and unfair competition ☞80½, New, vol. 8A Key-No. Series—Orders of Trade Commission must be supported by findings of fact.

Under Federal Trade Commission Act, § 5 (Comp. St. § 8836e), there should be a sufficient complaint issued and served, and the facts found by the commission should furnish a sufficient basis for its orders.

2. Trade-marks and trade-names and unfair competition ☞80½, New, vol. 8A Key-No. Series—Order of Trade Commission, not based on any finding of fact, held unwarranted.

Where the complaint issued and served by the Trade Commission charged that letters sent by respondent warning of infringement of patent and threatening suits were not sent in good faith, with the intention of bringing suits, but for the purpose of injuring competitors, but no finding was made on such charge, an order to desist from threatening suits without intending in good faith to institute such suits and without bringing such suits within a reasonable time, held not warranted.

3. Trade-marks and trade-names and unfair competition ☞80½, New, vol. 8A Key-No. Series—Evidence held not to warrant a finding of unfair competition.

The sending of letters by the owner of a patent for a process, through its attorneys, to certain manufacturers, who were licensees under other patents, warning of infringement and threatening suits, held not sufficient, in the absence of other proof, to warrant a finding of bad faith, and that the letters were sent for the purpose of injuring the business of a competitor, or to justify an order by the Trade Commission to desist.

Petition to Review Order of Federal Trade Commission.

Petition by Herman Heuser against the Federal Trade Commission, to review an order of the Commission. Order set aside.

Geo. A. Chritton, of Chicago, Ill., for petitioner.

James M. Brinson, of Butte, Mont., for respondent.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an application to review an order of the Federal Trade Commission directing the petitioner to cease and desist from certain practices in the conduct of his business.

The act creating the commission prescribes the procedure before it and upon an application here to enforce or review its orders.

Section 5, Act Sept. 26, 1914 (Comp. St. § 8836c), provides that the commission shall issue and serve a complaint stating its charges in respect to the unfair methods complained of. Notice and an opportunity to answer is to be given and a hearing had. "The testimony in any such proceeding shall be reduced to writing and filed in the office of the commission." If upon the hearing the commission shall be of the opinion that such method is prohibited by the act, "it shall make a report in writing in which it shall state its findings as to the facts," and shall issue its order accordingly. If the order is not complied with, the commission may make application to the proper Circuit Court of Appeals for the enforcement of it, and if the party complained of desires a review of the order he may make an application such as this.

In either case the commission "shall certify and file with its application a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the commission." Upon the filing of such application and transcript and upon notice the court shall "have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission. The findings of the commission as to facts, if supported by testimony, shall be conclusive."

On December 16, 1922, the respondent issued its complaint against the petitioner charging him with unfair methods of competition in commerce. In substance it charged that the Baltimore Process Company, a corporation engaged in the manufacture and sale of nonalcoholic beverages in Baltimore, Md., owned certain patents for the manufacture of such beverages and granted licenses to others to manufacture and sell the same; that the petitioner was granted letters patent for a process for manufacturing such beverages, and had granted licenses to others to manufacture and sell them, and that such manufacturers and licensees sold and transported their products to persons in states other than the states in which they were manufactured; that the petitioner and his licensees were in direct competition with the Baltimore Process Company and its licensees; that on June 13, 1921, and September 19, 1921, petitioner caused a letter of warning to be sent to licensees of the Baltimore Process Company advising them that

the process they were using under licenses granted to them by said Baltimore Process Company was an infringement of patents owned by him, and that unless they discontinued the use of said process legal steps would be taken to compel them to do so; that the sending of such letters was calculated to bring, and had the capacity and tendency to bring, the patented process of the Baltimore Process Company under suspicion, and tended to intimidate and coerce the licensees of the Baltimore Process Company to discontinue the use of its process and to use the process patented by the petitioner; and that such acts and things done by petitioner were all to the prejudice of the public and of petitioner's competitors, and constitute unfair methods of competition in commerce, within the intent and meaning of the Act.

On February 2, 1923, respondent issued an amended complaint, identical with the complaint first filed, with the addition of paragraph 6, which is as follows:

"The letters of warning and threats to sue by respondent as set out in paragraph 4 of this complaint charged that the preparations manufactured and sold by the persons holding licenses from the Baltimore Process Company were infringements of patents held by the said respondent; such threats not being made in good faith, intending to bring such suits, but for the purpose of injuring said competitors and of intimidating them, their agents, customers, and prospective customers, and causing them to cease to operate under the licenses issued to them by the said Baltimore Process Company."

To this complaint the petitioner filed an answer, much more lengthy than necessary and pleading a considerable portion of his evidence. In his answer he denied that the letters of warning and threats to sue by petitioner, as set out in the amended complaint, were not made in good faith by him, denied that the threats were made for the purpose of injuring the competitors of the Baltimore Process Company, and averred that, on the contrary, said communications were sent out by him in good faith, and with the intention to start suit against any infringer or infringers, where proper proof could be obtained to establish infringement.

Thereupon, on March 12, 1923, it was ordered that the hearing of the proof of the charges of the amended complaint in said proceedings be had, and the evidence heard upon the issues made by the amended complaint and the petitioner's answer thereto. The evidence was heard, reduced to writing, and filed as required, and on December 19,

1923, the respondent made its findings as to the facts. The facts were found to be substantially as averred in the amended complaint, except that no finding was made upon the issue presented by the averments of paragraph 6 and petitioner's denial thereof. No finding was made upon the question of the good or bad faith of petitioner; no finding that the letters were sent without the intention to sue. Nevertheless the order was made to cease and desist "from threatening by letters or otherwise to institute suits, * * * without in good faith intending to institute such suit or suits, and in fact following up such threat or threats with suit or suits brought within a reasonable time."

[1] The provisions of section 5 above referred to make it clear that, in proceedings by and before the commission and upon applications here to enforce or review its orders, the settled rules of procedure should be followed. There should be a sufficient complaint issued and served and the facts found by the commission should furnish a sufficient basis for its orders. The Supreme Court has decided the first of these propositions. In Federal Trade Commission v. Gratz, 253 U. S. 421, on page 427, 40 S. Ct. 572, 574 (64 L. Ed. 993), the court said:

"When proceeding under section 5, it is essential, first, that, having reason to believe a person, partnership, or corporation has used an unfair method of competition in commerce, the commission shall conclude a proceeding 'in respect thereof would be to the interest of the public'; next, that it formulate and serve a complaint stating the charges 'in that respect,' and give opportunity to the accused to show why an order should not issue directing him to 'cease and desist from the violation of the law so charged in said complaint.' If, after a hearing, the commission shall deem 'the method of competition in question is prohibited by this act,' it shall issue an order requiring the accused 'to cease and desist from using such method of competition.' If, when liberally construed, the complaint is plainly insufficient to show unfair competition within the proper meaning of these words, there is no foundation for an order to desist; the thing which may be prohibited is the method of competition specified in the complaint. Such an order should follow the complaint; otherwise, it is improvident, and, when challenged, will be annulled by the court."

So, also, the thing which may be prohibited is the method of competition specified in the finding of facts. "The findings as to the facts" must be sufficient to furnish the basis for the order to desist. If the facts found are not sufficient to furnish a basis for the order, it was improvidently issued, and should be annulled by the court.

[2] Apparently recognizing the necessity of a sufficient complaint, the respondent served the amended complaint upon the petitioner. This amended complaint, as we have seen, differed from the original only in charging that the threats to sue were made in bad faith, without the intention to carry the threats into execution. As stated above, the respondent made no finding whatever upon this question. It is well settled that a finding of facts, in order to sustain a plaintiff's cause of action, must contain all the facts necessary to a recovery, and the failure to find any material fact charged is equivalent to finding against the plaintiff and for the defendant as to that fact. The findings of the respondent are not sufficient to sustain the order complained of.

[3] But, aside from these considerations, we think the respondent was right in failing to find bad faith on the part of petitioner, and in effect finding that he was acting in good faith. In weighing evidence upon this question the presumption is in favor of good faith. The party charging bad faith must prove it by evidence sufficient to overcome the presumption of good faith. Viewed thus, we think the evidence falls short of establishing the charge of bad faith. Not many letters threatening suit were sent. There was no circularization of the trade, as in many cases. The letters were written and sent by the attorneys of petitioner, attorneys of good standing in their profession, who, upon being informed by petitioner as to his claims, in good faith advised him that his patents were valid, that the persons to whom letters were sent were infringing them, and they further advised delay in bringing suits. Two suits were actually brought against parties to whom letters were sent. True, these suits were not filed until after the proceedings by the respondent were begun; but this fact is not, in the light of the circumstances, and the presumptions that run with human conduct, sufficient to establish bad faith.

It is also urged by petitioner that this proceeding is not "to the interest of the public," and that the record does not show any unfair method in "commerce." One member of the commission dissented from the order upon the first of these grounds, and we think much may be said in support of both of them; but, in view of our holding upon the

other questions presented, it is not necessary to pass upon these.

The order of the commission was improvidently issued, and it should be and is set aside and annulled.