### FEDERAL TRADE COMMISSION v. CAS-SOFF.

### No. 192.

Circuit Court of Appeals, Second Circuit.

Feb. 17, 1930.

Meyer Kraushaar, of New York City, for respondent.

Robert E. Healy, Chief Counsel, Federal Trade Com'n, Martin A. Morrison, Asst. Chief Counsel, and James T. Clark, all of Washington, D. C., for petitioner.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The petitioner seeks, under section 5 of the Federal Trade Commission Act (15 USCA § 45), to enforce an order issued against respondent, requiring him to cease and desist from using the word "shellac" in labels or advertisements of varnish which he manufactured and sold and which was not composed entirely of shellac gum dissolved in alcohol. The order permitted the use of labels and advertisements in the sale of such shellac if it were accompanied by the words clearly indicating the other ingredients used and setting forth the percentage of each.

The controversy was submitted to the Federal Trade Commission upon a stipulated statement of facts wherein it was agreed that "shellac," as commercially known, is a product composed solely of genuine shellac gum dissolved in alcohol, and is thus commonly known amongst jobbers, dealers, and the purchasing public; that the respondent manufactured and sold in interstate commerce, a product not composed wholly of genuine shellac gum dissolved in alcohol; and that he advertised and labeled his product as "White Shellac" and "Orange Shellac," without indicating in any way whatever on such labels, brands, and advertisements that the product contained any other gum, ingredient, or substitute for gum than genuine shellac gum. It was further stipulated that the respondent is in competition with other manufacturers of shellac varnishes whose products are branded and advertised as shellac or shellac varnishes and are composed solely of shellac gum dissolved in alcohol. The Commission found that the advertising and sale of respondent's shellac with the words "White Shellac" or "Orange Shellac" was false, and had the capacity and tendency to and did mislead the purchasing public into the belief that the product so labeled, branded, and advertised was composed solely of genuine shellac gum dissolved in alcohol, and that this induced the purchasers to buy in that belief. It concluded that this was an unfair method of competition in commerce, and constituted a violation of the Act of

Congress approved September 26, 1914, 38 Stat. 719 (15 USCA § 45). The order to cease and desist thereupon entered forbids such labeling and advertising unless accompanied by words clearly and distinctly indicating that such product contains other substances, ingredients, or gum of which the varnish is composed with the percentages of all such substances, ingredients, or gum therein used clearly stated on the label, brand, or other containers. The respondent's answer asked leave to introduce additional evidence, to be taken before the Federal Trade Commission, to show that there was no violation of its order and that there was no necessity for requiring respondent to disclose the percentages of the ingredients in his product. He argues that there is no evidence to support this requirement.

The stipulation entered into by the parties does not justify the findings, and there is no evidence which requires a statement as to the percentages of the other ingredients which make up the respondent's substituted shellac. If the respondent labels his goods and advertises the same as "shellac substitute" or "imitation shellac," accompanied by the statement that it is not 100 per cent. shellac, that would be sufficient to prevent a fraud upon the purchasing public. It would constitute a statement that the respondent was not selling genuine shellac, and that is as far as the findings justify an order to cease and desist. The purposes of the Federal Trade Commission Act and the enforcing power of the Commission are directed to the prevention of fraud upon the purchasing public. In the absence of evidence justifying a requirement to state the percentages of the other ingredients which make up the content of the respondent's shellac, no such order of the Commission is justified.

Section 5 of the act (15 USCA § 45) makes provision for either party to apply to the court for leave to adduce additional evidence which will show to the satisfaction of the court that the order is justified or complied with. We see no need of directing that such evidence be taken here, as respondent asks, for the petitioner rests upon the record as made. The respondent maintains, and we think justifiably, that, by setting forth on his labels and advertising matter, "This is not 100% India Shellac, it is composed of substitute shellac and India Shellac," the public will be fully protected.

On this record the order to cease and desist as made was not justified. Heuser v.

Federal Trade Comm. (C. C. A.) 4 F.(2d) 632.

The order to cease and desist will be modified accordingly, and, as so modified, will be enforced.