## MARIETTA MFG. CO. v. FEDERAL TRADE COMMISSION.

### No. 4435.

Circuit Court of Appeals, Seventh ·Circuit.

June 16, 1931.

Rehearing Denied July 25, 1931.

Charles ·O. Roemler, Ralph G. Lockwood, and Virgil H. Lockwood, all of Indianapolis, Ind., for petitioner.

Robert E. Healy, Chief Counsel Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, Federal Trade Commission, and Alfred M. Craven, all of Washington, D. C., for respondent.

Edwin H. Cassels, of Chicago, Ill. (Thomas J. Downs and ·Cassels, Potter & Bentley, all of Chicago, Ill., of counsel), for National Ass'n of Marble Dealers, amicus curiæ.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

WILKERSON, District Judge.

The Marietta Manufacturing Company for twenty years has manufactured and sold a product used for interior walls, wainscoting, ceilings, table tops, counters, and other like purposes. This product has been advertised and sold as "Sani-Onyx, a Vitreous Marble." It is not a product of nature. It is neither a marble nor onyx. Its chief ingredient is silica, and it is manufactured in slab form and may be used in place of natural or quarried onyx or marble when such onyx or marble is in slab form. It is made in a great variety of colors, and in some of its colors it resembles marble and in others a type of onyx.

The Federal Trade Commission instituted a complaint under section 5 of the Act of September 26, 1914, c. 311, 38 Stat. 717, 719 (15 USCA § 45). After appropriate proceedings an order was issued requiring the company to cease and desist from (1) using the term "Sani-Onyx, a Vitreous Marble," or the term "Sani-Onyx," as a designation of the product manufactured by it, and (2) representing in its advertising matter, or by other means, that the product which it manufactures is marble, or onyx.

The order of the commission rests upon findings of fact as follows:

The company's product is in competition with quarried marble and onyx. In order to create a demand for its product, the company advertises in periodicals and sends out trade circulars. In such advertising the ·company designates its product as "Sani-Onyx, a Vitreous Marble," or "Sani-Onyx," and makes use of statements like the following: "Sani-Onyx, a Vitreous Marble. Truly modern is this new material for bathroom and kitchen walls, ceilings, wainscoting. Sani-Onyx offers distinctive surface textures with colors of rare and exquisite beauty. No substitute or makeshift. Sani-Onyx is a superior product fused from rock ingredients. 'What is Sani-Onyx?' Emphatically Sani-Onyx is not a 'substitute'. It is a superior modern day material for walls, ceilings, wainscoting—wherever in the past you have been forced to use conventional plaster, tile or marble."

This product is not ;a- product of nature, but is a manufactured product, the chief ingredient of which is silica. Among the company's competitors are marble dealers who

sell marble and onyx, which are put to substantially the same use as the company's product. In addition to color, the product has other characteristics, so that under certain conditions it may be used as a substitute for natural onyx or marble and to that extent may be said to be artificial onyx or marble. The designation by the company of its product is false and misleading and has a tendency and capacity to deceive purchasers thereof into the belief that it is onyx or marble and to cause them to purchase it in that belief.

The findings as to the nature of petitioner's product, its resemblance in appearance, in some of its forms, to marble and onyx, and its use as a substitute for natural marble or onyx, are sustained either by the admissions of petitioner in its answer before the commission or by the evidence, including the physical exhibits, in the record.

Petitioners assert that the commission's finding that the designation of petitioner's product is false and misleading and has the tendency and capacity to deceive purchasers into the belief that the product is onyx or marble is not sustained by the proof. The product, it is asserted, is sold for the most part to jobbers, contractors, and builders, who could not possibly be misled by the designation or by anything in the advertising into the belief that they were purchasing a kind of marble or onyx. A method of competition, inherently unfair, does not cease to be unfair because the falsity of the manufacturer's representation has become so well known to the trade that dealers, as distinguished from consumers, are no longer deceived. The honest manufacturer's business may suffer, not merely through a competitor's deceiving his direct customer, the retailer, but also through the competitor's putting into the hands of the retailer an unlawful instrument, which enables the retailer to increase his own sales of the dishonest goods, thereby lessening the market for the honest product. Federal Trade Commission v. Winstead Hosiery Co., 258 U. S. 483, 494, 42 S. Ct. 384, 66 L. Ed. 729. It may be that building contractors were not deceived. Petitioner, however, carried on an advertising campaign, the effect of which was to create in the minds of the public the belief that this product was a kind of marble and lead them to deal with it as such in agreeing to specifications or buying houses. The designation was adroitly selected and the advertisements cunningly framed so as to go as far as possible

in giving the false impression without transcending the limits of literal truth, except in the use of the words "marble" and "onyx." "Sani-Onyx," it is stated, "is a superior product, fused from rock ingredients." The word "vitreous" has some application to the product, but "marble" and "onyx" are wholly inapplicable.

Labeling and advertisements of the kind described in the findings and shown by the record constitute an unfair method of competition, which the Trade Commission has authority to forbid. Federal Trade Commission v. Winstead Hosiery Co., supra; Federal Trade Commission v. Kay (C. C. A. 7) 35 F.(2d) 160, 162; Masland Duraleather Company v. Federal Trade Commission (C. C. A. 3) 34 F.(2d) 733; Indiana Quartered Oak Company v. Federal Trade Commission (C. C. A. 2) 26 F.(2d) 340; Royal Baking Powder Co. v. Federal Trade Commission (C. C. A. 2) 281 F. 744.

The fact that "Sani-Onyx" is registered as a trade-mark is no protection to petitioner, if the trade-mark is used as a part of an unfair method of competition. Federal Trade Commission v. Winstead Hosiery Co., supra, 258 U. S. page 494, 42 S. Ct. 384, 66 L. Ed. 729; Federal Trade Commission v. Kay, supra.

Petitioner urges that, even though it is forbidden to represent its product to the public as a "vitreous marble," it should be permitted to retain the designation "Sani-Onyx." Petitioner, by a long course of advertising, has given to the word "San-Onyx" a meaning. Its own definition of the word is "a vitreous marble." If it is permitted to retain this designation of its product, it reaps a large part of the benefit resulting from advertising its product as a marble.

The petition is denied.