### FEDERAL TRADE COMMISSION v. REAL PRODUCTS CORPORATION et al.

No. 280.

Circuit Court of Appeals, Second Circuit.

June 7, 1937.

W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, and John W. Hilldrop and James W. Nichol, all of Washington, D. C., for petitioner.

Irving Beck, President, Real Products Corporation, in pro. per.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Respondents are corporations, organized under the laws of the state of New York, engaged in joint enterprises, manufacturing automotive and metal specialties, including spark plug cable sets, which are sold and distributed throughout the various states of the United States. Their products are transported in interstate commerce from their place of business in New York.

The charge against them is the use of unfair methods of competition in the sale of their products in interstate commerce in violation of section 5 of the Federal Trade Commission Act (38 Stat. 719, as amended by Act Feb. 13, 1925, § 2, 43 Stat. 939, 15 U. S.C.A. § 45). The order entered directed that they cease and desist from (a) "Representing in any manner that the automotive and metal specialties, including spark plug cable sets, manufactured and sold by the respondents are the products of or are made by the Champion Spark Plug Company of Toledo, Ohio. (b) Using the word 'Champion' alone or in connection or conjunction with any other word or words * * * to describe or designate automotive and metal specialties, including spark plug cable sets, made by respondents, and from using any other word or words so as to import or imply that said products are made by the Champion Spark Plug Company of Toledo, Ohio. (c) Using and displaying the word 'Champion' in their advertising * * * on cartons, boxes or other containers. * * * (d) The use, by any method, manner or means of advertising * * * in newspapers and circulars, of the device or picture of a spark plug at the bottom of which a simulation of electricity is displayed and containing the word 'Champion' therein."

The Commission made complete and specific findings, which have evidence to support them, and which justify the order entered to cease and desist. The Champion Spark Plug Company has been in the field fifteen years, engaged in the manufacture of automotive and metal specialties, including spark plugs and porcelains and in their sale and distribution in interstate commerce. It applied the word and trade designation "Champion" to its products, including spark plugs and used it on its stationery and in its corporate name and on its cartons and printed advertising matter. The name thus signifies to the trade and purchasing public that such automotive and metal specialties, including spark plugs and porcelains, were the products of the Champion Spark Plug Company. There was evidence to support the finding that the respondents, without the permission or consent of the Champion Spark Plug Company, used and continued to use the trade designation

"Champion" for their automotive and metal specialties, including spark plug cable sets, and on their price list, cartons, and advertising matters.

The Commission found, with evidence to support it, that the use of the word "Champion" by respondents as set forth was false, deceptive, and misleading to the retail trade and the purchasing public and had a tendency to and did deceive the purchasing public by creating the impression that the products of the respondents were those of the Champion Spark Plug Company. It had a like tendency to unfairly divert trade to respondents from their competitors.

 False and misleading representations of respondents' products constituted an unfair method of competition within the intent and meaning of section 5 of the act, as amended. Federal Trade Comm. v. Royal Milling Co., 288 U.S. 212, 53 S.Ct. 335, 77 L. Ed. 706; Federal Trade Comm. v. Winsted Hosiery Co., 258 U.S. 483, 42 S.Ct. 384, 66 L.Ed. 729; Indiana Quartered Oak Co. v. Federal Trade Comm., 26 F.(2d) 340 (C.C. A.2), certiorari denied 278 U.S. 623, 49 S.Ct. 25, 73 L.Ed. 544. The use of an identical name for kindred products necessarily was deceptive to the public and indicated a purpose to use it unfairly in competition. Standard Oil Co. of New Mexico v. Standard Oil Co. of California, 56 F.(2d) 973, 980 (C.C.A.10); Del Monte Special Food Co. v. California Packing Corporation, 34 F.(2d) 774, 776 (C.C.A.9). The purchasing public would be likely to buy respondents' product on the strength of the first user's reputation where the word "Champion" was connected with the sale of spark plugs, spark plug cable sets, and porcelains.

The existence of a public interest here may rest either on the deception suffered by the public (Federal Trade Comm. v. Royal Milling Co., 288 U.S. 212, 53 S.Ct. 335, 77 L.Ed. 706; cf. Federal Trade Comm. v. Klesner, 280 U.S. 19, 50 S.Ct. 1, 74 L.Ed. 138, 68 A.L.R. 838) or the prejudice occasioned to competitors (Federal Trade Comm. v. Raladam Co., 283 U.S. 643, 51 S. Ct. 587, 75 L.Ed. 1324, 79 A.L.R. 1191). On either ground the public is entitled to be protected against unfair practices and its interest in such protection is specific and substantial. Federal Trade Comm. v. Royal Milling Co., supra. Nor is it necessary that the product misrepresented be inferior or harmful to the public. The deceptive misrepresentation suffices. See National Silver

Co. v. Federal Trade Comm., 88 F.(2d) 425, 427 (C.C.A.2).

The principle of the Raladam Case, supra, that potential competitors are equally to be protected with actual competitors, is an integral part of the law of unfair competition. All persons are free to enter the trade at any time, and are therefore potential competitors. Here, however, it is clear that competition was wrongfully affected. The respondents obtained an advantage over their competitors.

Finally, it is not material that respondents have copyrighted the box label "Champion Spark Plug Set." A copyright is not a license to engage in unfair competition. Marietta Mfg. Co. v. Federal Trade Comm., 50 F.(2d) 641 (C.C.A.7); N. Fluegelman & Co. v. Federal Trade Comm., 37 F.(2d) 59, 61 (C.C.A.2).

The order of enforcement is granted.

Order granted.