## JUSTIN HAYNES & CO., Inc., v. FEDERAL TRADE COMMISSION.

### No. 359.

Circuit Court of Appeals, Second Circuit.

July 10, 1939.

Munn, Anderson & Liddy, of New York City (Orson D. Munn and John H. Glaccum, both of New York City, of counsel), for petitioner.

W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, and S. Brogdyne Teu, II, Reuben J. Martin, and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The petitioner is a New York corporation which sells and distributes in interstate commerce under the trade name of Aspirub a medical preparation for external use containing 1.5 per cent. of aspirin. It has advertised the curative properties of its preparation in glowing terms, placing special stress upon the aspirin constituent. In March, 1936, the Commission filed a complaint against the petitioner charging that its advertising was false and deceptive and

constituted unfair methods of competition in commerce contrary to the provisions of the Federal Trade Commission Act, 15 U.S.C.A. § 45. The gravamen of the complaint is that Aspirub has no therapeutic value as aspirin because of its negligible aspirin content and because aspirin cannot be absorbed into the body through the skin. After extensive hearings an order was entered on April 21, 1938, which in substance forbids the petitioner to use the trade name Aspirub and to represent that its preparation accomplishes to any substantial extent the beneficial effects of aspirin or is absorbable through the skin in an amount sufficient to produce any beneficial therapeutic effect. This order the petitioner asks us to set aside, its main contention being that the Commission's findings of fact in support of the order are not sustained by any substantial evidence.

 The essential findings are that only an insignificant amount of the aspirin in the petitioner's compound is absorbed into the human body when applied dermally (fols. 107, 111) and that it is of little or no therapeutic value for the various pains and ailments which it is represented to relieve (fol. 110). These findings are supported by the testimony of the three expert witnesses called by the Commission; and in the light of such testimony there can be no doubt that the petitioner's advertisements were grossly exaggerated and misleading. It is true that these witnesses had no personal experience with Aspirub and based their opinions upon their general medical and pharmacological knowledge. They were, however, well-qualified expert witnesses, and the fact that other experts called by the petitioner expressed a contrary opinion and testified to experiments cannot enable the petitioner to contend successfully that there was no substantial evidence to support the Commission's findings. That this court is not permitted to pass upon the weight of the evidence is too well established to require the citation of authorities.

 The petitioner also contends that Aspirub is the only medical preparation for external use containing aspirin and is therefore not in competition with any other product in interstate commerce. But the Commission's finding as to competition is supported by evidence. Witness Manss of the Bayer Company testified that in so far as Aspirub is recommended as a relief for aches and pains and as an alleviant for colds he regards it as in competition with his company's product Aspirin, as well as in competition with other preparations offered for external or internal use. Indeed, that it actually or potentially competes with other aspirin products seems self evident; the petitioner itself advertises its preparation as a "new convenient way to use aspirin." Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587, 75 L.Ed. 1324, 79 A.L.R. 1191, is distinguishable, since there no proof was given as to competition.

 Finally, it is urged that the Commission's order does not restrain "unfair methods of competition," but is directed against conduct which is, at most, only "misbranding," contrary to the Pure Food and Drugs Act, 21 U.S.C.A. § 1 et seq. The 1938 amendment to section 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45, expressly includes "unfair or deceptive acts or practices in commerce." This amendment was approved March 21, 1938, which was after the hearings in the case at bar had closed but before the Commission had issued its order. In favor of the petitioner we shall assume that the amendment is not applicable; therefore, if the order is to be supported, it must be as a restraint of "unfair methods of competition in commerce." But we entertain no doubt that false and deceptive advertising of an article in competition with other articles in commerce falls under that definition and was within the Commission's jurisdiction. See Federal Trade Commission v. Winsted Hosiery Co., 258 U.S. 483, 42 S.Ct. 384, 66 L.Ed. 729; Federal Trade Commission v. Royal Milling Co., 288 U.S. 212, 53 S.Ct. 335, 77 L.Ed. 706.

Order affirmed.