**DR. W. B. CALDWELL, Inc., v. FEDERAL TRADE COMMISSION.**

No. 6945.

Circuit Court of Appeals, Seventh Circuit.
May 7, 1940.

As Amended on Denial of Rehearing
May 29, 1940.

Edward S. Rogers, William T. Woodson, James H. Rogers and Rogers, Woodson & Rogers, all of Chicago, Ill., for petitioner.

W. T. Kelley, Martin A. Morrison, William L. Taggart, and James W. Nichol, all of Washington, D. C., for respondent.

Before TREANOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is a petition by Dr. W. B. Caldwell, Inc., to review the proceedings and to set aside a cease and desist order of the Federal Trade Commission, upon complaint charging that petitioner's advertising was false and misleading and constituted unfair methods of competition in commerce, in violation of the Federal Trade Commission Act, § 5, 15 U.S.C.A. § 45.

Dr. W. B. Caldwell graduated from a medical college in 1875 and immediately engaged in the practice of medicine. In the course of his practice he originated a medicinal preparation which was marketed by a company with which he was connected up to the time of his death. Petitioner is the successor of this company. It manufactured, sold and distributed this preparation in interstate commerce, selling and distributing it in bottles placed in a carton wrapper, and pamphlets containing representations relative to the preparation were wrapped around each bottle.

The words "Dr. Caldwell's Syrup Pepsin combined with Laxative Senna Compound" are printed on the label. In smaller letters are the words "Alcohol 4½ percent" and in still smaller letters the words "Syrup Pepsin composed of Senna Cascara Sagrada Peppermint Oil Aromatics." In larger letters appear the words "A Laxative For Constipation."

The gist of the complaint as amended charged that petitioner's advertising was false and misleading in that it represented that the use of pepsin in the preparation had a therapeutic value as a laxative and in the treatment of constipation.

The Commission entered an order that the petitioner, among other things, cease and desist from:

"(4) Representing through the use of the word 'pepsin' alone or in association with any other word or words in the designation or description of such preparation * * * that said preparation owes its laxative and cathartic properties to its pepsin contents;

"(5) Using the word 'pepsin' alone or in association with any other word or words to designate, describe or refer to any preparation which does not contain a sufficient quantity of pepsin, as an active ingredient, to possess substantial therapeutic value by reason of such pepsin content;

"(6) Using any term or name to describe, designate or refer to such preparation containing senna and cascara sagrada as its active ingredients, which name or names conceal or deceptively minimizes the presence of such ingredients."

In substance the pertinent facts found by the Commission are that pepsin has no therapeutic value as a laxative or as a relief from constipation; that the pepsin in the preparation is used as a vehicle for the senna and cascara sagrada; that the use of the words Syrup Pepsin and Syrup of Pepsin to describe and designate the preparation in which the active ingredients are senna and cascara sagrada is deceptive and misleading and has the tendency to cause the purchasing public who are uninformed as to the therapeutic value of pepsin to have the mistaken belief that the pepsin in such preparation has therapeutic value in the treatment of constipation; that the use of the aforesaid terms has the tendency to cause the purchasing public who are informed as to the value and purpose of the use of pepsin to have the mistaken belief that said preparation is a pepsin preparation designed and used for the purposes for which a preparation in which pepsin is the principal active ingredient would be used; that senna and cascara sagrada are very powerful drugs and the use of said preparation in a sufficient dosage will produce a cathartic effect; that the use of the aforesaid terms to describe a preparation in which pepsin serves as a vehicle for senna and cascara sagrada is misleading and deceptive, and has the capacity and tendency to conceal the presence of the senna and cascara sagrada and to mislead and deceive the purchasing public as to the active ingredients in the preparation.

The Commission also found as a fact that these false, deceptive and misleading statements had a tendency and capacity unfairly to divert trade to petitioner from its competitors.

At the outset it is insisted that this proceeding is not in the interest of the public. No one can gainsay it is in the public interest to prevent the use of methods

that have a tendency and capacity to injure unfairly the user's present or potential competitors and that such practice may be restrained. In determining whether a proceeding is in the public interest the Commission exercises a broad discretion, Federal Trade Commission v. Klesner, 280 U.S. 19, 28, 50 S.Ct. 1, 74 L.Ed. 138, 68 A. L.R. 838, and each case must be determined upon its own facts. Federal Trade Commission v. Beech-Nut Co., 257 U.S. 441, 453, 42 S.Ct. 150, 66 L.Ed. 307, 19 A.L. R. 882, and when misbranded goods attract customers by means of the fraud which they perpetrate, trade is diverted from the producer of truthfully marked goods, Federal Trade Commission v. Winsted Co., 258 U.S. 483, 493, 42 S.Ct. 384, 66 L.Ed. 729. See also Federal Trade Commission v. Real Products Corporation, et al., 2 Cir., 90 F.2d 617, 619; Federal Trade Commission v. Artloom Corporation, 3 Cir., 69 F. 2d 36, 38; and Armand Company v. Federal Trade Commission, 2 Cir., 78 F.2d 707, 710. We conclude that under the circumstances in the instant case the proceeding was in the interest of the public.

 Counsel also argues that the findings of fact are not supported by substantial evidence, and he insists there is nothing in the record which proves the ultimate facts necessary to support the Commission's findings.

A chemist testified for the petitioner to the effect that if the preparation is placed in a bottle with meat and left there two and one-half hours, the pepsin content of the preparation will demonstrate its effectiveness as a digestant. This witness, petitioner's sole expert, also stated that pepsin has no cathartic qualities. The Commission's expert witnesses, ten qualified physicians, testified that pepsin possesses no therapeutic value as a laxative or in the treatment of constipation. On this evidence the Commission made its finding that pepsin has no therapeutic value as a laxative. This court is not permitted to pass upon the weight of the evidence, and if the findings of the Commission are sup-

ported by the evidence, they are conclusive and must be accepted by us. Federal Trade Commission v. Standard Education Society, et al., 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141; Federal Trade Commission v. Algoma Lumber Co., et al., 291 U.S. 67, 54 S. Ct. 315, 78 L.Ed. 655; Federal Trade Commission v. Pacific States, etc., Ass'n, 273 U.S. 52, 47 S.Ct. 255, 71 L.Ed. 534; and Indiana Quartered Oak Co. v. Federal Trade Commission, 2 Cir., 26 F.2d 340. This is true even though witnesses base their opinions upon their general medical and pharmacological knowledge. Justin Haynes & Co., Inc., v. Federal Trade Commission, 2 Cir., 105 F.2d 988, certiorari denied, 308 U.S. 616, 60 S.Ct. 261, 84 L.Ed. —.

 We now address ourselves to the contention that the order is vague and indefinite. It is claimed that a cease and desist order must be definite and certain and complete in itself, and the argument is that to understand provisions 5 and 6 of the order the reader must refer back to the findings to which they relate. While it is true that we ought not to sanction an order which may subject petitioner to the possibility of contempt proceeding where the order is not definite and complete, the order in our case, we believe, is not ambiguous.

 We have considered petitioner's contentions that evidence presented by the Commission dealt with advertising which had been discontinued and not resumed prior to the filing of the charges and that the Commission had not accorded petitioner a fair hearing. From our examination of the record we are unable to find any grounds which would justify us in holding that petitioner did not have a fair hearing, and the admission of the evidence referred to furnishes no grounds to set aside the order. United States v. Abilene & So. Ry. Co., 265 U.S. 274, 44 S.Ct. 565, 68 L.Ed. 1016, and Consolidated Edison Co. et al. v. National Labor Relations Board, et al., 305 U. S. 197, 230, 59 S.Ct. 206, 83 L.Ed. 126.

The order of the Commission is affirmed.