## ALBERTY v. FEDERAL TRADE COMMISSION.

### No. 9273.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1941.

Rehearing Denied April 21, 1941.

W. I. Gilbert, Jr., W. I. Gilbert, and Jean Wunderlich, all of Los Angeles, Cal., for petitioners.

W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, and Reuben J. Martin and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before MATHEWS, HANEY, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This is a petition to review an order of the Federal Trade Commission requiring petitioner, Adah Alberty, to cease and desist from making certain representations which the Commission held to constitute unfair methods of competition in commerce, within the meaning of the Federal Trade Commission Act, 15 U.S.C.A. §§ 41–51. Petitioner's brief specifies as error,[1] not the entire order, but only so much thereof as requires petitioner to cease and desist from representing:

That the preparations called Alberty's Food Regular and Alberty's Food Instant (new style), or any preparation similarly composed, "render milk more readily digestible, constitute a competent remedy, cure or treatment for cancer or ulcer, or have any therapeutic or medicinal value;"

That the preparation called Alberty's Laxative Blend, or any preparation similarly composed, "has any therapeutic value or affects the muscles of the intestines, other than that the senna contained in the preparation is a cathartic;"

That the preparations called Alberty's Phosphate Pellets and Alberty's No. 3 Tablets, or any preparation similarly composed, "have any therapeutic value;"

That the preparation called Cheno Combination Tablets, or any preparation similarly composed, "contains any ingredient which would have an influence on fat metabolism, or that the use of said preparation will cause any weight reduction other than reduction due to the laxative properties of said preparation, or that said preparation has a therapeutic value;"

That the preparation called Cheno Tea, or any preparation similarly composed, "contains any ingredient which will cause or produce any weight reduction, or that by the use thereof the user will bring about a reduction in weight, or that said preparation has any effect on the metabolism of fat, or that it has any therapeutic value other than that of a mild laxative."

The order is based on findings to the effect that petitioner, at all pertinent times, was engaged in the business of selling and distributing the above-mentioned preparations in interstate commerce in competition with persons, partnerships and corporations engaged in the interstate sale and distribution of other preparations; that the conditions and ailments for the treatment of which petitioner's preparations were sold and recommended were the same as those for which her competitors' preparations were sold and recommended; that petitioner, in the course and conduct of her business and as a means of furthering the interstate sale and distribution of her preparations, had made and was making the representations mentioned above; and that the representations were false, deceptive and misleading. The findings are supported by substantial evidence, and hence are conclusive. Federal Trade Commission Act, § 5(c), 15 U.S.C.A. § 45(c).

Petitioner complains of the supposed action of the Commission "In rejecting outright the testimony of experts adhering to the homeopathic school of medicine and in thus making an arbitrary choice between schools of healing which are equally recognized under the law." Actually, the Commission admitted the testimony of experts who were, and experts who were not, adherents of the homeopathic school of medicine. The Commission's findings are supported in part by the testimony of experts adhering to the homeopathic school, in part by the testimony of other experts. Conflicts in the testimony were for the Commission, not this court, to resolve. Justin Haynes & Co. v. Federal Trade Commission, 2 Cir., 105 F.2d 988, 989; Dr. W. B. Caldwell, Inc., v. Federal Trade Commission, 7 Cir., 111 F.2d 889, 891. We cannot say that, in resolving such conflicts, the Commission acted arbitrarily.

Petitioner asserts that "the record fails to show that, as a result of the practices complained of, competition in interstate commerce is restricted or trade diverted in a substantial degree." Such a showing is unnecessary. That petitioner has competitors, actual and potential, is

---

[1] See Rule 20(2) (d) of our rules governing appeals and Rule 5 of our rules governing petitions for review or enforcement of orders of boards or commissions.

 

conceded. That such competitors are likely to be injured by petitioner's unfair methods of competition is obvious. Whether or to what extent they have actually suffered such injury need not be determined. Federal Trade Commission v. Balme, 2 Cir., 23 F.2d 615, 621; International Art Co. v. Federal Trade Commission, 7 Cir., 109 F. 2d 393, 397.

Petitioner complains of the rejection of certain exhibits which she offered in evidence. These exhibits are not in the record. What, if anything, they would have proved we do not know. We therefore cannot say that their rejection was improper.

 Petitioner complains of the action of the Commission "In permitting its witness [Hilburn P. Covington] to refresh his memory from an alleged confidential report to the Commission without permitting petitioner to inspect and use said report at the trial." Petitioner does not claim to have been prejudiced by this action. Instead, her brief states: "Petitioner could, of course, not be prejudiced if the confidential report was not used by the Commission in reaching its conclusion." The report does not appear to have been so used. No prejudice being shown, we conclude there was none.

Order affirmed.

HEALY, Circuit Judge (concurring).

Although I agree that petitioner's contention must be rejected, I think it is entitled to a little more adequate statement than has been given it.

Petitioner does not question the rule that the findings of the Commission, if supported by evidence, are conclusive. She concedes that there is opinion evidence which supports the findings. Her position is that the Commission has no authority under the law to make an arbitrary choice between conflicting opinions of recognized schools of medicine. She says the rules of evidence require that "where different schools of thought exist, which are both practiced, and where the objective truth of neither can be scientifically demonstrated, the correctness of the claims of one school ought not to be passed upon by opinions of adherents to another school who are hostile to it."

If the case made before the Commission squarely presented the situation assumed, I think petitioner's argument would have to be sustained; but as I read the record it does not in any realistic fashion disclose a conflict between opposing schools of practice or opinion.

Petitioner professes to be a disciple of the homeopathic school of medicine. Homeopathic doctors are said to prescribe according to principles worked out by Hahnemann and his followers a century ago. An important difference between the homeopathic and allopathic schools is said to be that the former school believes that like cures like, and that its adherents prescribe in small doses. The findings and order of the Commission can hardly be catalogued as a rejection of either of these two beliefs. Petitioner's remedies, which she advertises under various names, contain usually numerous ingredients in minute quantities. There is no showing by homeopathic doctors generally that these alleged remedies, as put together by petitioner, have the support or endorsement of the homeopathic school. At most there is testimony by doctors of that school that some one or more of the ingredients used in several of the preparations are recognized as having therapeutic value. But on the whole, giving all due weight to the opinions of the homeopathic doctors, the record is not persuasive that the findings of the Commission are arbitrary in the sense argued, or that petitioner's advertised claims are not substantially misleading. In short, petitioner's theory of the case does not substantially fit the facts.