**ETABLISSEMENTS RIGAUD, Inc., et al.**
**v. FEDERAL TRADE COMMISSION.**

**No. 3.**

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1942.

Walter L. Post, of New York City, for petitioners.

W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, James T. Welch, S. Brogdyne Teu, II, and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a petition to review an order of the Federal Trade Commission directing the petitioners which, for convenience, we shall speak of as Rigaud and Fougera, to cease and desist from specified acts of alleged unfair competition.

Rigaud is a New York corporation engaged in compounding perfumes and cosmetics which it sells solely to Fougera, another New York corporation. Some of the merchandise thus sold by Rigaud is delivered to Fougera in New York, while some is shipped to the latter's customers on its order. The goods Fougera has so purchased it sells throughout the United States. The various ingredients used to make up the perfumes are combined by Rigaud with one another and with domestic alcohol at its place of business at 79 Bedford Street, New York City. When the ingredients are thus compounded they are bottled and packaged for sale. Some of Rigaud's officers and five of its eight directors reside in Paris and to a considerable extent direct the business policy of the company, but Rigaud does not maintain any office there as a corporation.

There was evidence before the Commission tending to show that the public has a preference for perfumes manufactured or compounded in France. It is established that Rigaud compounded all the perfumes it sold in the City of New York and made them from ingredients both domestic and imported.

In spite of this, it used labels and cartons for its perfumes on which was printed:

I Rigaud
G
O
Paris R
A
R

RIGAUD

Paris—New York.

Eau De Toilette
Un Air Embaumé
Rigaud
Paris

On letterheads, statements, invoices and other business stationery Rigaud and Fougera placed the following:

Established 1849
E. FOUGERA & COMPANY, INC.
Parfumerie Division
79 Bedford St. at Barrow St.
New York
Sole Importer to RIGAUD-PARFUM-EUR,
16 Rue de la Paix, Paris
ESTABLISSEMENTS RIGAUD INC.
8, Rue Vivienne
16, Rue de la Paix, PARIS
Successor to
Parfumerie Rigaud Inc.
Laboratoire De Pharmacologie Inc.

R

RIGAUD

Paris—France
79 Bedford St., New York

These inscriptions on labels, cartons and stationery were found by the Commission to have indicated a French origin for the perfume itself, and not merely for the ingredients contained in it. They were found to have a tendency to mislead the public and to have unfairly diverted trade to Rigaud and Fougera from their competitors. During the times embraced in the proceeding before the Commission Rigaud was not strictly a French concern even though some of its officers lived in France and essential oils used in the perfumes compounded in America were imported from France.

In view of the foregoing, the Commission made an order directing Rigaud and Fougera to cease and desist from the following:

"(1) Representing, through the use of the term 'Paris', or 'Paris, France' or any other terms, words, symbols or picturizations indicative of French or other foreign origin of such products, or in any manner that perfumes which are made or compounded in United States are made or compounded in France or in any other foreign country; provided however that the country of origin of the various ingredients thereof may be stated when immediately accompanied by a statement that such products are made or compounded in the United States.

"(2) Using any French or other foreign terms or words, except as provided in paragraph (3) hereof, to designate, describe or in any way refer to perfumes made or compounded in the United States, unless the English translation or equivalent thereof appears as conspicuously and in immediate conjunction therewith.

"(3) Using the terms 'Un Air Embaume', 'Rigaud', 'Igora', or any other French or other foreign words or terms as brand on trade names for perfumes made or compounded in the United States without clearly and conspicuously stating in immediate connection and conjunction therewith that such products are made or compounded in the United States."

We think the order is too broad. The proceeding against Rigaud and Fougera was calculated to correct abuses which at best were trifling and but for the broad discretion lodged in the Commission we should regard as hardly worth serious consideration. It must, however, be remembered that the ingredients of the perfumes were main-

ly French and that the business to a great extent has been supervised by French directors and stockholders. It is notorious that French names are commonly used to describe perfumes and for some reason seem to be favorites with the trade. It is doubtless permissible to forbid the use of words which indicate a French origin and manufacture when strictissimi juris there is none, but we can see no reason for proscribing the use of all French words when designating the perfumes or for the rather fantastic requirement of the order that the price of retention must be an accompanying English translation. It is enough to insist upon the abandonment of the words "Paris" or "Paris, France" unless they are limited as in clause 1 of the order. We think the most the Commission should require is that Rigaud and Fougera cease and desist from the acts embraced in clauses 1 and 3. Fioret Sales Co., Inc., v. Federal Trade Comm., 2 Cir., 100 F.2d 358.

The order should be modified by the elimination of clause 2. As thus modified, the order is confirmed and enforcement thereof is granted.