## JOHN J. FULTON CO. v. FEDERAL TRADE COMMISSION.

### No. 9870.

Circuit Court of Appeals, Ninth Circuit.

July 21, 1942.

Writ of Certiorari Denied Nov. 9, 1942.

See — U.S. —, 63 S.Ct. 158, 87 L.Ed. —.

Zach Lamar Cobb, of Los Angeles, Cal., for petitioner.

W. T. Kelley, Chief Counsel, Joseph J. Smith, Jr., Asst. Chief Counsel, William L. Pencke, Donovan R. Divet, James W. Nichol, and R. R. MacIver, Sp. Attys., Federal Trade Commission, all of Washington, D. C., for respondent.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In a proceeding before the Federal Trade Commission, here under review, petitioner was ordered to desist from advertising its product, Uvursin, as an effective treatment for diabetes.

Petitioner advertised the preparation in medical journals and in circulars distributed

to the profession. Typical representations determined by the Commission to be false were that Uvursin "is a mild and innocuous oral treatment for diabetes mellitus"; that it is an efficacious treatment; that diabetic gangrene "yields to Uvursin"; and that the product "is being recognized as the preferred treatment in diabetes mellitus." In conjunction with the drug a rigid diet was recommended.

Diabetes results from a decrease in the internal secretion of the pancreas, manifesting itself by an abnormal elevation of the blood sugar and also by the appearance of sugar in the urine. The modern and accepted way of controlling the disease is by diet and the hypodermic injection of insulin adjusted to meet the needs of each patient. The Commission found that petitioner's preparation is largely a compound of herbs long enjoying a reputation, particularly in folklore medicine, for the treatment of urinary conditions. Some of the herbs were anciently prescribed for use in the form of tea for the alleviation of bladder and kidney diseases. In diabetic cases the effect of these drugs is illusory. By increasing the flow of the urine they dilute its sugar content, while the actual condition of the patient remains as before. Uvursin, without diet, was found to be devoid of therapeutic value in the treatment of the malady.

The findings have support in the testimony of expert witnesses called by the Commission. But the petitioner argues that since none of the experts had prescribed Uvursin or observed its effects in concrete cases their testimony was incompetent and inadmissible. We think otherwise. The witnesses were shown to possess wide knowledge in the field under inquiry. There is no good reason to suppose them incompetent to express an opinion as to the lack of therapeutic value of petitioner's preparation merely because they had had no personal experience with it in the treatment of the disease. Their general medical and pharmacological knowledge qualified them to testify. Justin Haynes & Co. v. Federal Trade Commission, 2 Cir., 105 F.2d 988, 989, certiorari denied, 308 U. S. 616, 60 S.Ct. 261, 84 L.Ed. 515; Neff v. Federal Trade Commission, 4 Cir., 117 F. 2d 495, 496, 497; Goodwin v. United States, 6 Cir., 2 F.2d 200, 201; Dr. W. B. Caldwell, Inc., v. Federal Trade Commission, 7 Cir.,

111 F.2d 889, 891. Several medical witnesses called by petitioner testified to the efficacy of Uvursin in particular cases in their own practice; but since none of them was shown to have administered the drug under proper scientific controls, the Commission was of the belief that their evidence had little probative value as compared to expert testimony based on general knowledge. It was thought—and there is much evidence to justify the finding—that in diabetic cases there may be spontaneous or temporary remissions, depending in part on the character of the diet. The Commission was clearly entitled to accept the testimony of experts in the general field. Justin Haynes & Co. v. Federal Trade Commission, supra; cf. Alberty v. Federal Trade Commission, 9 Cir., 118 F.2d 669, 670, certiorari denied, 314 U.S. 630, 62 S. Ct. 62, 86 L.Ed. ——.

Prior to the hearing a witness for the Commission had obtained Uvursin in the thought of making a controlled test on diabetic patients in the Los Angeles County Hospital, but after consultation with a colleague he abandoned the idea because of his fear that the preparation might contain synthalin, which is a liver poison; and the witness was reluctant to expose his patients to the risk. The witness testified that some oral patent nostrums for the control of diabetes have contained the substance, although it was not mentioned in the advertising matter, and that it is very difficult to show the presence of synthalin by chemical methods. Petitioner intimates that the decision adverse to the making of the experiment was in some way induced or inspired by the Commission, but there is nothing whatever in the record to support the argument. It goes without saying that the petitioner was itself at liberty to have clinical tests of this character conducted and to present the results to the Commission if it saw fit.

It is urged that the Commission's order tends to promote monopoly and is against the public interest; and that "medicine which can bring bona fide relief to the afflicted" ought to be encouraged rather than the reverse. But a study of the record dissipates any feeling of apprehension that the public will suffer injury from the action taken here.

Affirmed.