## HOUBIGANT, Inc., et al. v. FEDERAL TRADE COMMISSION.

### No. 101.

Circuit Court of Appeals, Second Circuit.

Jan. 27, 1944.

Mock & Blum, of New York City, for petitioners.

W. T. Kelley, Chief Counsel, Joseph J. Smith, Jr., Asst. Chief Counsel, and Donovan R. Divet, Sp. Atty., all of Washington, D. C., for respondent.

Before SWAN, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

In March 1938 the Federal Trade Commission issued its complaint against the petitioners charging them with the use of unfair methods of competition in commerce in violation of section 5 of the Act of September 26, 1914, 15 U.S.C.A. § 45. After hearings the Commission on April 16, 1942, made findings of fact and issued its order requiring the petitioners to desist (1) from using upon their products the words "Paris" or "Paris, France" or other terms indicative of foreign origin, and (2) from using the terms "Houbigant", "Cheramy" or any other French or foreign words as trade names for toilet preparations compounded in the United States, without also stating that such products were compounded in the United States. The petitioners object only to (2) of the restraining order.

The contention that the Federal Food, Drug, and Cosmetic Act of June 25, 1938, 21 U.S.C.A. § 301 et seq., vested in the Federal Security Administration exclusive jurisdiction over the labeling of perfumes has been rejected by this court: Fresh Grown Preserve Corp. v. Federal Trade Comm., 2 Cir., 125 F.2d 917, 919; Justin Haynes & Co. v. Federal Trade Comm., 2 Cir., 105 F.2d 988, 989, certiorari denied 308 U.S. 616, 60 S.Ct. 261, 84 L.Ed. 515. The restraint which the Commission's order imposes is substantially the same as in other cases which we have approved. Etablissements Rigaud v. Federal Trade Comm., 2 Cir., 125 F.2d 590, 591; Parfums Corday v. Federal Trade Comm., 2 Cir., 120 F.2d 808; Fioret Sales Co. v. Federal Trade Comm., 2 Cir., 100 F.2d 358.

The petitioners urge that if required to change their markings they should be given a period of at least two years in which to make the necessary adjustments. No application for a stay of enforcement of the order was made to the Commission. Whether this court has power to stay enforcement we need not now decide. See El Moro Cigar Co. v. Federal Trade Comm., 4 Cir., 107 F.2d 429, 432; cf. H. N. Heusner & Son v. Federal Trade Comm., 3 Cir., 106 F.2d 596, 598. Assuming that the power exists the record is barren of facts to justify its exercise.

The order is affirmed.