## CHARLES OF THE RITZ DISTRIBUTORS CORPORATION v. FEDERAL TRADE COMMISSION.

### No. 133,

Circuit Court of Appeals, Second Circuit.
July 6, 1944.

Asher Blum, of New York City (Mock & Blum, of New York City, on the brief), for petitioner.

Joseph J. Smith, Jr., Asst. Chief Counsel, Federal Trade Commission, of Washington, D. C. (W. T. Kelley, Chief Counsel, and Jno. W. Carter, Jr., Sp. Atty., Federal Trade Commission, both of Washington, D. C., on the brief), for respondent.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is a petition to review and set aside a cease and desist order issued by the Federal Trade Commission, pursuant to a complaint charging petitioner with having violated the Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq., by falsely advertising its cosmetic preparation "Charles of the Ritz Rejuvenescence Cream." Petitioner is a New York corporation engaged in the sale and distribution in interstate commerce of various cosmetics, one of which is the cream in issue. This is a preparation of the type commonly known to the trade as a powder base or foundation cream for make-up. During the years from 1934 until December, 1939, when sales were "temporarily discontinued" because of the issuance of the present complaint, petitioner's Rejuvenescence Cream

enjoyed a vast popularity, with total sales amounting to approximately $1,000,000. The extensive advertising campaign which accompanied this business placed emphasis upon the rejuvenating proclivities of the product. The advertisements typically referred to "a vital organic ingredient" and certain "essences and compounds" which Rejuvenescence Cream allegedly contained, and stated that the preparation brings to the user's "skin quickly the clear radiance . . . the petal-like quality and texture of youth," that it *"restores natural moisture* necessary for a live, healthy skin," with the result that "Your face need know no *drought years,"* and that it gives to the skin "a bloom which is wonderfully rejuvenating," and is "constantly active in keeping your skin clear, radiant, and young looking." (Emphasis as in the original.)

After a hearing, the Commission found that such advertising falsely represented that Rejuvenescence Cream will rejuvenate and restore youth or the appearance of youth to the skin, regardless of the condition of the skin or the age of the user, since external applications of cosmetics cannot overcome skin conditions which result from systemic causes or from physiological changes occurring with the passage of time and since there is no treatment known to medical science by which changes in the condition of the skin of an individual can be prevented or by which an aged skin can be rejuvenated or restored to a youthful condition. It, therefore, ordered petitioner to cease and desist disseminating in commerce any advertisement of Charles of the Ritz Rejuvenescence Cream: "(a) In which the word 'Rejuvenescence,' or any other word or term of similar import or meaning, is used to designate, describe, or refer to respondent's [petitioner's] said cosmetic preparation; or (b) which represents, directly or by inference, that respondent's said cosmetic preparation will rejuvenate the skin of the user thereof or restore youth or the appearance of youth to the skin of the user."

█ The initial question raised on this appeal concerns the jurisdiction of the Commission in effect to prohibit any advertising which displays a picture of the jar and label of petitioner's product, for the natural consequence of clause (a) of the order is to prevent depiction of the label containing the prohibited word. Petitioner argues that the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq., vests exclusive control of the labelling of cosmetics in the Federal Security Administrator, and that the failure of the Commission to object in its complaint and order to labelling, as well as advertising, bears testimony to that fact. The Commission freely admits, however, that its omission to make a separate charge was inadvertent, but easily susceptible of correction by further proceedings, if and as necessary. In any event, we have repeatedly reaffirmed the jurisdiction of the Commission over labelling of this nature. Houbigant, Inc., v. Federal Trade Commission, 2 Cir., 139 F.2d 1019; Fresh Grown Preserve Corp. v. Federal Trade Commission, 2 Cir., 125 F.2d 917; Justin Haynes & Co. v. Federal Trade Commission, 2 Cir., 105 F.2d 988, certiorari denied 308 U.S. 616, 60 S.Ct. 261, 84 L.Ed. 515; see, also, Etablissements Rigaud, Inc., v. Federal Trade Commission, 2 Cir., 125 F.2d 590; Parfums Corday v. Federal Trade Commission, 2 Cir., 120 F.2d 808; Fioret Sales Co. v. Federal Trade Commission, 2 Cir., 100 F.2d 358. Petitioner says that, since the order is directed against its advertising, rather than its label, it is left in the anomalous position of being free to market its product labelled "Rejuvenescence" as long as no advertising accompanies the sales. As a matter of fact, however, it will need to readvertise its cream if it recommences its sales; and it will hardly be practical for it to attempt a misrepresentation (as here found by the Commission) through merely deceptive labelling, especially when the order can be so easily broadened upon issuance of a supplementary complaint.

█ On the merits, petitioner first attacks the finding of fact that its preparation does not act as a rejuvenating agent and preserve or restore the youthful appearance of the skin. Two medical experts, one a leading dermatologist, testified for the Commission; and both affirmatively stated that there was nothing known to medical science which could bring about such results. There was no testimony to the contrary; but petitioner asserts that, since neither expert had ever used Rejuvenescence Cream or knew what it contained—petitioner being unwilling to reveal its secret formula—their testimony was not the substantial evidence necessary to support the final findings and order below. Despite their lack of familiarity with petitioner's product, however, the general

medical and pharmacological knowledge of the doctors qualified them to testify as to the lack of therapeutic value of the cream. Justin Haynes & Co. v. Federal Trade Commission, supra, 105 F.2d at page 989; John J. Fulton Co. v. Federal Trade Commission, 9 Cir., 130 F.2d 85, 86, certiorari denied 317 U.S. 679, 63 S.Ct. 158, 87 L.Ed. 544; Neff v. Federal Trade Commission, 4 Cir., 117 F.2d 495, 496, 497; Goodwin v. United States, 6 Cir., 2 F.2d 200, 201; Dr. W. B. Caldwell, Inc., v. Federal Trade Commission, 7 Cir., 111 F.2d 889, 891. Further, petitioner was not privileged, under the circumstances, to stand upon its refusal to disclose the true formula of its preparation as a trade secret, Coca-Cola Co. v. Joseph C. Wirthman Drug Co., 8 Cir., 48 F.2d 743, 747; 8 Wigmore on Evidence, 3d Ed. 1940, § 2212; and its failure to introduce evidence thus within its immediate knowledge and control, if existing anywhere, of the rejuvenating constituents and therapeutic effect of its preparation is strong confirmation of the Commission's charges. Mammoth Oil Co. v. United States, 275 U.S. 13, 51, 48 S.Ct. 1, 72 L.Ed. 137; Local 167 v. United States, 291 U.S. 293, 298, 54 S.Ct. 396, 78 L.Ed. 804; United States v. Denver & R. G. R. Co., 191 U.S. 84, 92, 24 S.Ct. 33, 48 L.Ed. 106; Kirby v. Tallmadge, 160 U.S. 379, 383, 16 S.Ct. 349, 40 L.Ed. 463; Interstate Circuit v. United States, 306 U.S. 208, 225, 226, 59 S.Ct. 467, 83 L.Ed. 610; cf. United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 112, 47 S.Ct. 302, 71 L.Ed. 560.

Next, and as the crux of its appeal, petitioner attacks the propriety of the finding that by use of the trade-mark "Rejuvenescence" it has represented that its preparation will rejuvenate and restore the appearance of youth to the skin. In view of the finding which we have just held supported on the evidence, that in fact there are no rejuvenating qualities in petitioner's cream, the question is then simply whether or not the trade-mark is deceptive and misleading within the meaning of the Federal Trade Commission Act. But the dictionaries treat "rejuvenescence" as a common word with a plain meaning of "a renewing of youth" or the perhaps more usual "rejuvenation"; cf. Webster's New International Dictionary, 2d Ed., Unabridged, 1939. Nor does the record show any other special meaning to have developed in the trade. On the contrary, the

Commission's expert and practicing dermatologist testified directly that rejuvenescence still meant not only to him, but also, as far as he knew, to his female patients, the restoration of youth. In the light of this plain meaning, petitioner's contention can hardly be sustained that "rejuvenescence" is a nondeceptive "boastful and fanciful word," utilized solely for its attractiveness as a trade-mark. That the Patent Office has registered "Rejuvenescence" as a trade-mark is not controlling. Even conceding its nondescriptive quality and hence its validity as a trade-mark—a concession sufficiently doubtful in itself to be made only arguendo—the fact of registration does not prevent its use from falling within the prohibition of the Federal Trade Commission Act. N. Fluegelman & Co. v. Federal Trade Commission, 2 Cir., 37 F.2d 59, 61; Federal Trade Commission v. Real Products Corp., 2 Cir., 90 F.2d 617, 619; Marietta Mfg. Co. v. Federal Trade Commission, 7 Cir., 50 F.2d 641, 642; Federal Trade Commission v. Kay, 7 Cir., 35 F.2d 160, 162, certiorari denied Kay **v.** Federal Trade Commission, 281 U.S. 764, 50 S.Ct. 463, 74 L.Ed. 1173; cf. Federal Trade Commission v. Winsted Hosiery Co., 258 U.S. 483, 494, 42 S.Ct. 384, 66 L.Ed. 729.

There is no merit to petitioner's argument that, since no straight-thinking person could believe that its cream would actually rejuvenate, there could be no deception. Such a view results from a grave misconception of the purposes of the Federal Trade Commission Act. That law was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking and the credulous," Florence Mfg. Co. v. J. C. Dowd & Co., 2 Cir., 178 F. 73, 75; and the "fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Federal Trade Commission v. Standard Education Soc., 302 U.S. 112, 116, 58 S.Ct. 113, 115, 82 L.Ed. 141. See, also, Stanley Laboratories, Inc., v. Federal Trade Commission, 9 Cir., 138 F.2d 388, 392, 393; Aronberg v. Federal Trade Commission, 7 Cir., 132 F.2d 165, 167; D. D. D. Corp. v. Federal Trade Commission, 7 Cir., 125 F.2d 679, 682. The important criterion is the net impression which the advertisement is likely to make upon the general populace. Stanley

Laboratories, Inc., v. Federal Trade Commission, supra; Aronberg v. Federal Trade Commission, supra; Federal Trade Commission v. Standard Education Soc., supra; Ford Motor Co. v. Federal Trade Commission, 6 Cir., 120 F.2d 175, 182, certiorari denied 314 U.S. 668, 62 S.Ct. 130, 86 L.Ed. 535; Newton Tea & Spice Co. v. United States, 6 Cir., 288 F. 475, 479. And, while the wise and the worldly may well realize the falsity of any representations that the present product can roll back the years, there remains "that vast multitude" of others who, like Ponce de Leon, still seek a perpetual fountain of youth. As the Commission's expert further testified, the average woman, conditioned by talk in magazines and over the radio of "vitamins, hormones, and God knows what," might take "rejuvenescence" to mean that this "is one of the modern miracles" and is "something which would actually cause her youth to be restored." It is for this reason that the Commission may "insist upon the most literal truthfulness" in advertisements, Moretrench Corp. v. Federal Trade Commission, 2 Cir., 127 F.2d 792, 795, and should have the discretion, undisturbed by the courts, to insist if it chooses "upon a form of advertising clear enough so that, in the words of the prophet Isaiah, 'wayfaring men, though fools, shall not err therein.'" General Motors Corp. v. Federal Trade Commission, 2 Cir., 114 F. 2d 33, 36, certiorari denied 312 U.S. 682, 61 S.Ct. 550, 85 L.Ed. 1120.

▬ That the Commission did not produce consumers to testify to their deception does not make the order improper, since actual deception of the public need not be shown in Federal Trade Commission proceedings. Federal Trade Commission v. Winsted Hosiery Co., supra, 258 U.S. at page 494, 42 S.Ct. at page 386, 66 L.Ed. 729; Federal Trade Commission v. Raladam Co., 316 U.S. 149, 152, 62 S.Ct. 966, 86 L.Ed. 1336; Herzfeld v. Federal Trade Commission, 2 Cir., 140 F.2d 207, 208; Federal Trade Commission v. Balme, 2 Cir., 23 F.2d 615, certiorari denied Balme v. Federal Trade Commission, 277 U.S. 598, 48 S.Ct. 560, 72 L.Ed. 1007; Brown Fence & Wire Co v. Federal Trade Commission, 6 Cir., 64 F.2d 934, 936; Pep Boys—Manny, Moe & Jack, Inc., v. Federal Trade Commission, 3 Cir., 122 F.2d 158, 161; Bockenstette v. Federal Trade Commission, 10 Cir., 134 F.2d 369; Federal Trade Commission v. Hires Turner Glass Co., 3 Cir., 81 F.2d 362, 364. Representations merely having a "capacity to deceive" are unlawful, Federal Trade Commission v. Algoma Lumber Co., 291 U.S. 67, 81, 54 S.Ct. 315, 78 L.Ed. 655; Herzfeld v. Federal Trade Commission, supra; General Motors Corp. v. Federal Trade Commission, supra; and, as we have seen, the facts here more than warrant a conclusion of such capacity. Likewise it is not material that there was no consumer testimony as to the meaning of petitioner's representations. The testimony of the dermatologist, a person whose occupation took him among the buyers of Rejuvenescence Cream, is a qualified source of information "as to the buyers' understanding of the words they hear and use." Benton Announcements v. Federal Trade Commission, 2 Cir., 130 F.2d 254, 255; Stanley Laboratories, Inc., v. Federal Trade Commission, supra, 138 F.2d at page 390.

▬ Petitioner contends finally that, even if the Commission's findings of fact be upheld, that part of the order is inappropriate which bars use of the word "rejuvenescence." To delete this part of the order, however, would be not merely to create a patent ambiguity as to the meaning and effect of the broad prohibition of the remaining part of the order, but also to a large extent to frustrate the purposes of the whole proceeding to insure truth telling in the cosmetic trade. Certainly courts should be reluctant to emasculate a remedial order by striking out its more dynamic and practically effective parts while they affirm the Commission's proceedings as a whole. In any event, as we recently pointed out in Herzfeld v. Federal Trade Commission, supra, 140 F.2d at page 209, the Supreme Court in recent cases "has as much circumscribed our powers to review the decisions of administrative tribunals in point of remedy, as they have always been circumscribed in the review of facts"; and the present order seems peculiarly one wherein the special competence of the Commission in deciding "how far the chance of deception outweighs the inconvenience, or worse, to the merchant inevitable in compelling him to change his mark, his name, or his package" makes it "for all practical purposes supreme."

The order is affirmed and an enforcement decree will be entered.