**HARSAM DISTRIBUTORS, INC., a Corporation, and Harry Wagonfeld, Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 167, Docket 25184.**

United States Court of Appeals Second Circuit.

Argued Nov. 5, 1958.

Decided Feb. 13, 1959.

---

Abraham B. Hertz, New York City, for petitioners.

Earl W. Kintner, Gen. Counsel, James E. Corkey, Asst. Gen. Counsel; E. K. Elkins, Attorney, Federal Trade Commission, Washington, D. C., for respondent.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and GALSTON, District Judge.

PER CURIAM.

■■ Petitioners seek to set aside an order of the Federal Trade Commission ordering them to cease and desist from engaging in unfair and deceptive acts and practices and unfair methods of competition in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a) (1). The Commission found that petitioners had used and disseminated advertising materials which represented that their "White Christmas" perfume regularly sold for "$18.50 the ounce at better shops," when in truth that never was the usual and customary retail price. The Commission also found that although petitioners imported from France only the perfume concentrate to be mixed here

with domestic alcohol, they used the French tricolor and French words and phrases on their package labels, together with the English words "Perfume Essence—Compounded in France." These findings are supported by substantial evidence and therefore are binding upon us, 15 U.S.C. § 45(c); Federal Trade Commission v. Sewell, 1957, 353 U.S. 969, 77 S.Ct. 1055, 1 L.Ed.2d 1133; Federal Trade Commission v. Standard Education Society, 1937, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141; Federal Trade Commission v. Algoma Co., 1934, 291 U.S. 67, 54 S.Ct. 315, 78 L.Ed. 655.

■ False price representations such as those found to have been made by petitioners are unfair practices that the Commission is empowered to prevent. Federal Trade Commission v. Standard Education Society, supra; Thomas v. Federal Trade Commission, 10 Cir., 1940, 116 F.2d 347. And we have held on more than one occasion that one cannot, within the scope of the Federal Trade Commission Act, sell as an imported perfume a foreign concentrate combined in this country with domestic alcohol. Houbigant, Inc. v. Federal Trade Commission, 2 Cir., 1944, 139 F.2d 1019, certiorari denied 1944, 323 U.S. 763, 65 S.Ct. 116, 89 L.Ed. 611; Etablissements Rigaud, Inc. v. Federal Trade Commission, 2 Cir., 1942, 125 F.2d 590; Parfums Corday, Inc. v. Federal Trade Commission, 2 Cir., 1941, 120 F.2d 808; Fioret Sales Co., Inc. v. Federal Trade Commission, 2 Cir., 1938, 100 F.2d 358. The Commission's determination that petitioners represented their product as an imported perfume is a reasonable one. "Perfume Essence —Compounded in France" might well disclose to those familiar with the manufacturing of perfume that only the "essence" of the packaged article offered for sale was represented as being wholly compounded in France; but such specialized knowledge of the difference between essences and perfumes cannot be imputed to the average purchaser, C. Howard Hunt Pen Co. v. Federal Trade Commission, 3 Cir., 1952, 197 F.2d 273, and the Act "was not 'made for the protection

of experts, but for the public—that vast multitude which includes the ignorant, the unthinking and the credulous,' Florence Mfg. Co. v. J. C. Dowd & Co., 2 Cir., 178 F. 73, 75," Charles of the Ritz Distributors Corporation v. Federal Trade Commission, 2 Cir., 1944, 143 F.2d 676, 679.

The petition to set aside the order of the Commission is denied.