James Ward, Executive Director Arkansas State Board of Public Accountancy 1515 West Seventh, Suite 320 Little Rock, AR 72201
Dear Mr. Ward:
This letter is in response to your request for an opinion regarding the following question:
 Does Act 160 of 1975 as amended permit the use of designations such as "Licensed Public Accountant" and Registered Public Accountant" or abbreviations therefor, i.e., "LPA" and "RPA", by persons registered by the Board under 5 of Act 160?
We understand that the Board has determined that such designations and abbreviations are likely to be confused with "Certified Public Accountant" and "CPA."
The Public Accountancy Act of 1975 as amended, Ark. Stat. Ann. 71-611 et seq regulates the practice of public accounting. It creates two distinct classifications: certified public accountants and public accountants. The former "shall be styled and known as a `Certified Public Accountant'," may use the abbreviation "CPA" and may be known as a "Public Accountant." Ark. Stat. Ann. 71-6113. The latter shall be styled and known as a "Public Accountant." Ark. Stat. Ann. 71-615. The distinction between the two classifications is the criteria for recognition by the Board. See Ark. Stat. Ann. 71-613 and 71-615.
The Act further addresses the use of various titles and abbreviations. Specifically, Ark. Stat. Ann. 71-626(e) prohibits any person or firm from using certain designations or abbreviations as well as any similar term likely to be confused with "Certified Public Accountant" or "CPA." This section is applicable to any person rather than being limited to persons not registered under the Act.
Prohibiting designations and abbreviations from being used by licensees or unlicensed persons is regulation of commercial speech. The State can exercise such power subject to the First Amendment. Clearly, the State can prohibit the use of false, misleading or deceptive commercial speech. Zauderer v. Office of Disciplinary Counsel, 53 U.S.L.W 4587 (May 28, 1985). That power extends to prohibiting speech which has a capacity to deceive. Charles of the Ritz v. FTC, 143 F.2d 676 (1944). That standard appears to be substantially the same as that in Ark. Stat. Ann. 71-626(e) which is "likely to be confused with."
In addition to this prohibition against using terms likely to be confused with CPA, as noted above, the Act explicitly states the licensee shall be known and styled in a particular manner. It is not necessary to address whether the word "shall" is directive rather than mandatory. Arkansas State Highway v. Mabry, 229 Ark. 261,315 S.W.2d 900 (1958). That directive or requirement, coupled with the prohibition against terms which the Board believes are likely to be confused with "CPA", appear to preclude the use of the designations and abbreviations stated in your inquiry.
Therefore, it is my opinion that Act 160 of 1975 does not permit the use of the terms "Licensed Public Accountant," "Registered Public Accountant," "LPA," or "RPA."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Thomas S. Gay.
Sincerely,
Steve Clark Attorney General
JSC:TSG:jk