### THE PERRY SETZER.

### GENERAL COMMERCIAL CO. OF UNITED STATES v. COSMOPOLITAN SHIPPING CO., Inc.

(Circuit Court of Appeals, Second Circuit. April 28, 1924.)

No. 335.

1. **Admiralty ⬉118—Scope of review on appeal.**

While an appeal in admiralty is a new trial, in which a finding based solely on preponderance of evidence is open to review, it does not mean that everything found below is held for naught, and the decision of an experienced trier of facts, who heard the witnesses, is not to be set aside unless certainty of error can be asserted.

2. **Shipping ⬉132(5)—Loss and damage to cargo held caused by peril of the seas.**

Findings of a trial court that a ship was seaworthy, and her cargo properly stowed, and that the jettisoning of part of the cargo was justified, and damage to other cargo caused, by a cyclonic storm, which constituted a peril of the sea, concurred in.

Appeal from the District Court of the United States for the Southern District of New York.

Consolidated suits in admiralty by the General Commercial Company, Limited, of United States, and by the West India Company, against the schooner Perry Setzer and the Cosmopolitan Shipping Company, Inc. From a decree dismissing the libels, libelants appeal. Affirmed.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The General Commercial Company shipped a deckload of rosin in barrels, and the West India Company a consignment of oil in metal containers carried under deck. The rosin was jettisoned, and the deck on which it had lain opened, permitting sea water to enter the 'tween decks. This rusted the containers and permitted much oil to leak out. Suits brought for both losses were consolidated, and the claims were tried together. From a decree dismissing libel, this appeal was taken.

Theodore L. Bailey, of New York City, for appellants.

James H. Hayes, of New York City, for appellant West India Oil Co.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for appellees.

Davis, Wagner, Heater & Holton, of New York City (Franklin A. Wagner and Charles R. Coulter, both of New York City, of counsel), for appellee Cosmopolitan Shipping Co.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. [1] Moved by most earnest argument, we have carefully searched a record of unprecedented length for some debatable question of law, or some crucial finding of fact, either unsupported by evidence or based on testimony successfully impeached, and find nothing warranting lengthened opinion in an appellate court. An admiralty appeal is of course a new trial, but it is a trial in accord with the settled rules of the appellate tribunal. Differing from review by writ of error at law, a finding based solely on the preponderance of testimony is open to review (The Fin MacCool, 147 Fed. 123, 77 C. C. A. 349), yet the decision of an experienced trier of facts, who heard the witnesses, or many of them, is not to be set aside, unless certainty of error can be asserted (The F. B. Squire, 248 Fed. 469, 160 C. C. A. 479). A new trial on appeal does not mean that everything found below is held for naught; that by appeal the slate is cleaned of findings of fact. It does mean that the appellant has an opportunity, denied at law, of overcoming the presumption properly created by the considered action of the trial court.

[2] We think it necessary in this instance to do no more than give the substance of our reasons for agreeing with the conclusions of A. N. Hand, District Judge, who tried the case:

(1) The seaworthiness of the Perry Setzer at the inception of her voyage is sufficiently evidenced by the testimony regarding the repairs bestowed upon her shortly before sailing, and by the inspections made and rating given immediately after repairs completed.

(2) The deckload was properly stowed and dunnaged, a finding well supported by the positive evidence of practical seamen and by the inferences legitimately drawn from the approval of said cargo as stowed for purposes of insurance. We agree with the particular finding of Judge Hand as to what witnesses are especially to be relied upon on this subject.

(3) There was a cyclonic storm, which created a peril of the sea so severe that the jettison of deck cargo was a proper sacrifice for the safety of all. Here we agree with the court below in regarding as very

important the evidence of the master of the schooner Richard B. Silver. Having considered the more or less scientific evidence on this subject, we think the weight thereof is in favor of the theoretic presence of a cyclone at the time and place positively testified to by the master of the Setzer.

(4) Finally, we agree with the trial court in rejecting as unworthy of credence the evidence of certain of the crew, who, after signing and swearing to a protest, wholly supporting claimant's story of disaster, and so signing after the United States consul had read the document to them, swore later to a tale of moderate weather. Unless the story of these seamen be believed, there is no evidence justifying the decree prayed for by appellants.

We express no opinion on several other points argued, but, finding that in point of fact the losses complained of were solely due to peril of the sea, affirm the decree, with costs.

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes