## NEFF v. FEDERAL TRADE COMMISSION.
#### No. 4699.

Circuit Court of Appeals, Fourth Circuit.
Feb. 8, 1941.

has been represented that the product is a quick acting remedy, which affords relief to those suffering from prostatitis, cystitis, urethritis, catarrhal conditions of the urinary tract, sugar diabetes, dropsy, illiocolitis, acute indigestion, ptomaine poisoning, gastritis, malaria and all forms of bowel trouble.

In its complaint filed January 4, 1938, the Commission charged that these statements were false and misleading, and therefore constituted an unfair method of competition within the intent of § 5 of the Act. After a hearing, it was found by the Commission that Glantex was not a safe, competent, and reliable remedy or treatment for any of the diseases set forth above, that its chemical composition was such that it could not be expected to produce any therapeutic effect upon any known disease or pathological condition, and that when taken internally it was nothing more than a laxative. Therefore, the petitioner was ordered to cease and desist from representing directly or indirectly that his preparation possessed any therapeutic value besides its laxative qualities. The petitioner now seeks to have this order set aside on the grounds that the findings of the Commission, on which its order is based, were not supported by substantial evidence as required by § 5 (c) of the statute.

The findings of the Commission as to the value of Glantex as a remedy was founded upon the testimony of six doctors who testified as expert witnesses for the Commission. It is true that none of these witnesses had any actual experience with the use of Glantex, nor had they conducted any clinical tests to ascertain just what results might be expected from it. Their conclusions were based upon a chemical analysis of Glantex, and their general knowledge of medicine. They all stated that it simply could not perform the cures claimed for it, and did not have any value as a remedy. Their testimony, standing alone, fully supports the finding of the Commission. But the petitioner contends that this evidence is completely nullified by the statements of his experts who had treated patients with his product and whose testimony, taken as a whole, tends to justify his extravagant claims. He argues that where there is direct testimony based upon actual experience, the opinion evidence of experts based upon general knowledge of a subject must be disregarded, and hence the finding of the Commission in this case cannot be deemed

D. H. Cotten, of Oklahoma City, Okl. (Charles Rowan, of Milwaukee, Wis., on the brief), for petitioner.

Martin A. Morrison, Asst. Chief Counsel, Federal Trade Commission, of Washington, D. C. (W. T. Kelley, Chief Counsel, William L. Taggart and James W. Nichol, Sp. Attys., Federal Trade Commission, all of Washington, D. C., on the brief), for respondent.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This case comes before the court on a petition brought under § 5 (c) of the Federal Trade Commission Act, as amended by the Act of March 21, 1938, 15 U.S.C.A. § 45, to review a cease and desist order of the Federal Trade Commission entered on July 16, 1940.

The petitioner, whose principal office is located at Miami, Oklahoma, is an individual doing business under the trade name of the Prostex Company. He is engaged in selling and distributing in interstate commerce a medicinal preparation for internal use, known as Glantex. In an advertising campaign carried out by means of magazines, radio, circulars and form letters, the public has been informed that Glantex possesses remarkable curative properties. It

to be supported by substantial evidence and should be set aside.

In support of his position, the petitioner relies upon the case of Cornec v. Baltimore & O. R. Co., 4 Cir., 48 F.2d 497, in which one of the issues of fact was whether an explosion had been caused by sparks emitted by the loading apparatus of the railroad, or by open kerosene lamps used by stevedores. Eyewitnesses attributed the explosion to the cause first mentioned, and the only substantial evidence to the contrary was the opinion of one of the experts. We said (page 500 of 48 F.2d): "Direct evidence of an occurrence is, of course, entitled to greater weight than opinion evidence (Lancashire Shipping Co. v. Morse Dry Dock & Repair Co., (D.C.) 43 F.(2d) 750); and we should hesitate to base a finding upon the opinion evidence here, which is opposed to the overwhelming weight of the testimony of eyewitnesses."

It is apparent from this quotation that we did not lay down the broad rule contended for by the petitioner. The case is authority only for the proposition that the testimony of one expert is not entitled to as great weight as the testimony of a number of eyewitnesses. Furthermore, there is another and more fundamental reason why the decision in the Cornec case is not helpful. That was an appeal in admiralty where a presumption of correctness attends the findings of fact of the trial court, but the Court of Appeals is nevertheless free to weigh the evidence and reach its own conclusions. The Adriana, 4 Cir., 6 F.2d 860; The Perry Setzer, 2 Cir., 299 F. 586. The question presented to the court in the pending case is entirely different. Section 5 (c) of the Federal Trade Commission statute expressly provides that our review shall be limited to a consideration of matters of law and that "the findings of the Commission * * * if supported by evidence, shall be conclusive". It is settled beyond controversy that under such a statute, this court may not pass upon the weight to be given to conflicting testimony. If the findings of the Commission are supported by substantial evidence, they are binding upon us.

The actual question now presented is whether the testimony of the six experts who testified for the Commission can be considered substantial evidence in view of their lack of actual experience in the use of the petitioner's preparation, as compared with the conflicting statements of doctors who had administered Glantex to their patients. We think that the evidence is sufficient to support the Commission's finding. All of the experts were well qualified to speak upon the subject; and their opinions, though based only upon their general medical and pharmacological knowledge, constituted substantial evidence tending to show that the representations of the petitioner were not justified. See, Justin Haynes & Co. v. Federal Trade Commission, 2 Cir., 105 F.2d 988; Dr. W. B. Caldwell, Inc. v. Federal Trade Commission, 7 Cir., 111 F.2d 889.

A decree affirming the order of the Commission will be signed.

Affirmed.