**WASHINGTON, MARLBORO & ANNAPOLIS MOTOR LINES, Inc. v. PUBLIC UTILITIES COMMISSION OF DISTRICT OF COLUMBIA et al.**

Civ. A. No. 2831–49.

United States District Court
District of Columbia.
July 17, 1952.

Vernon E. West, Lloyd B. Harrison, Washington, D. C., for Public Utilities Commission of District of Columbia.

Edmund L. Jones, F. G. Awalt, Daryal A. Myse, Raymond Sparks, Washington, D. C., for Capital Transit Co.

**McLAUGHLIN, District Judge.**

### Nature of the Case

In this appeal the Court is asked to suspend and vacate two orders, namely No. 3530 and No. 3715 of the Public Utilities Commission of the District of Columbia, hereinafter referred to as the Commission, which were issued as a result of proceedings before the Commission denominated "In the Matter of Bus Service of the Capital Transit Company in Southeast Washington and designated as P.U.C. Formal Case No. 383." Order No. 3530 as hereinafter explained, has been supplanted by Order No. 3715.

This is the second time this cause has been before this Court on appeal.

### Original Appeal

In the original petition of appeal the Washington, Marlboro and Annapolis Motor Lines, Inc., hereinafter referred to as W., M. & A., contended that Order No. 3530 should be vacated because it had not received actual or statutory notice of the proceeding from which the order emanated; that it had not been a party to said proceedings; that the order illegally set up competitive service to service rendered by W., M. & A., and that, as a result, the said order was illegal and confiscatory because it deprived the W., M. & A., of its rights and property without compensation or due process of law.

Petitioner, W., M. & A., alleged as a basis for the foregoing contentions that it is affected by order No. 3530 extending the C–2 and W–4 bus lines of the Capital Transit Company, hereinafter referred to as C.T.C., and that it is thus a "public utility interested" within the meaning of the term as used in the statute. D.C.Code, Title 43, Section 416 (1940 Ed.). Upon application, C.T.C. was granted leave to intervene in the action as a party appellant.

James P. Donovan, Washington, D. C., for Washington, Marlboro & Annapolis Motor Lines, Inc.

After argument and submission of the case, the Court issued an order requiring the Commission to reopen the proceedings. A memorandum setting forth the facts of the case, the applicable statutory provisions of the Code, and the Court's conclusions was made a part of the order and is, by reference, adopted as a part of this memorandum. 114 F.Supp. 321. In the circumstances, it will be unnecessary to re-recite in this memorandum the factual background which is set forth in detail in the Court's memorandum on the first appeal.

#### Notice to W., M. & A.

One of the principal issues raised by the original petition was whether the W., M. & A. was a party entitled to statutory notice of the proceedings in Formal Case No. 383.

In remanding the case to the Commission the Court stated in its memorandum,

"In order to determine whether the rights of W., M. & A. in the premises have been invaded, it is necessary to consider what interests of W., M. & A., if any, were involved in the hearing of which it was not given notice and the effect upon the rights of W., M. & A., of failure to receive notice." Pp. 8, 9.

The Court in expressing its conclusions said,

"It would seem to be impossible to determine whether the contentions of W., M. & A., in the above regard are sound or otherwise in the absence of evidence bearing upon the questions therein involved. The record is, of course, silent on the points involved in the said contentions of W., M. & A., for the obvious reason that W., M. & A. was not a party to the hearing and presented no testimony."

and later

"Under the circumstances the Court concludes that the hearing involved a situation which might reasonably be held to have affected the vital interests of W., M. & A. Whether such interests were actually affected cannot be determined on the record in its present state." Pp. 10, 12.

Accordingly the Commission issued its notice of formal public hearing to be held "upon matters involved in Formal Case No. 383, and upon such matters as directed by the Court." Copy of "Notice of Hearing" is set forth as Exhibit II in the Amended Petition of W., M. & A.

#### Rehearing of Formal Case No. 383 before the Commission and Determination by the Commission

Following the Court's order reopening the hearing in Formal Case No. 383 pursuant to the provisions of Title 43, Section 705, D.C.Code (1940 Ed.), to afford W., M. & A. an opportunity to present evidence in line with its contentions, and directing the Commission to receive additional evidence in respect thereof, hearings were held before the Commission on eight different days during May and June, 1950. Testimony was received from W., M. & A., C.T.C., numerous individuals, representatives of various citizens' associations, and the Commission's staff.

The Commission made the following findings of fact which the Court deems applicable to the controversy over the extension of the W–4 line:

"(1) The area adjacent to Alabama Avenue, between the intersections of Pennsylvania and Alabama Avenues and 36th Street and Alabama Avenue, Southeast, is without public transportation service and there is a need for such service in the said area."

"(4) There is no direct public transportation between the residential and shopping areas of the northern portion of Southeast Washington and other residential and shopping areas and governmental installations of Southeast Washington. There is need for such transportation service."

"(8) The operation of the W–4 line as proposed by CTC from Bolling Field to the proposed terminal at 36th Street and Alabama Avenue to the Intersection of Pennsylvania and Alabama Avenues, Southeast, would constitute a peripheral cross-town line connecting the shopping and business center near Fairfax Village with cer-

tain residential areas of southeast Washington and Bolling Field, and it is necessary to meet the transportation requirements of such areas. Such a line would serve as a feeder line to the radial lines terminating at Commodore Barney Circle and other radial lines of Southeast Washington terminating in downtown Washington."

"(11) * * * From the evidence of record, the Commission is unable to find that the extension of the W–4 line would have any adverse effect upon the revenues of W., M. & A. Such operation would not constitute duplication of the existing service over W., M. & A., or of existing or proposed service of CTC. Operation of the W–4 line would increase traffic over the intersecting radial lines of CTC and would increase to some extent traffic over the lines of W., M. & A., which would increase the revenues of both Companies. The extension of W–4 line to Pennsylvania and Alabama Avenues would supply public transportation to areas that have need for public transportation but where no such transportation is now provided."

As a result of these findings the Commission concluded that the W–4 line should be extended from its present terminal at 36th Street and Alabama Avenue, S. E., to Pennsylvania and Alabama Avenues, S. E. The Commission further found and concluded "that such operations will be reasonably compensatory", and "that the extension of W–4 to Pennsylvania and Alabama Avenues will not adversely affect Washington, Marlboro & Annapolis Motor Line, Inc."

At the conclusion of the hearing, the Commission issued a new order, No. 3715, which made substantial amendments to Order No. 3530.

Thereafter, the Court entered its order causing Order No. 3715 to supplant Order No. 3530, and granted the petitioner leave to amend its petition so as to place before the Court any objections it might have to Order No. 3715. D.C.Code, Title 43, Section 709 (1940 Ed.).

## Issue Involved in Present Appeal

The petitioner contended in the original petition that it would be adversely affected by the extension of the C–2 line and by the establishment of the northern terminus of the newly created W–4 line at Pennsylvania and Alabama Avenues, S. E., and that as a result of such acts C.T.C. would be in direct competition with W., M. & A.'s line serving Fairfax Village.

Upon the basis of the evidence presented in the original proceeding and in the hearing on remand the Commission found that the extension of the C–2 line from its present terminal would adversely affect the rights and revenue of W., M. & A., and that the operation of the then existing C–2 line of C.T.C. was not justified in the public interest, and as a result authorized C.T.C. to discontinue the entire operation of the C–2 line.

Counsel for W. M. & A., stated in open court that it has no quarrel with C.T.C. or the Commission over the establishment of the W–4 line to its present terminal at 36th and Alabama Avenues, S. E. (Official transcript, official hearing on appeal, April 21, 1952, p. 28.) Since this terminal was proposed by C.T.C., it now appears that W., M. & A. is the only moving party to this appeal.

Thus there remains in this appeal the single issue as to whether in the circumstances the order of the Commission extending the W–4 line of C.T.C. from its present terminal at 36th and Alabama Avenues, S. E., to Pennsylvania and Alabama Avenues, S. E., should be affirmed or vacated.

## Grounds Relied on by W., M. & A. for Vacation of Order No. 3715

In its amended petition of appeal W., M. & A. has set forth the following grounds for asking the Court to suspend and vacate the proceedings in Formal Case No. 383 and the Orders No. 3530 and No. 3715 emanating therefrom:

"(1) That said proceeding and the orders issued in connection therewith are void ab initio for failure to make petitioner a party to the proceeding

and to give it prescribed statutory notice of the same.

"(2) That said orders No. 3530 and No. 3715 are illegal for that they establish service which is competitive to that of the petitioner, where there has been no substantial evidence of record showing such service to be necessary for the convenience of the public, or that the service of the petitioner is inadequate.

"(3) That Order No. 3715 is arbitrary, unreasonable and capricious, and is based upon evidence which was not ,admissible.

"(4) That Order No. 3715 is unlawful, arbitrary, unreasonable and capricious as it is based in part upon testimony taken at the original hearing to which the petitioner was not a party, did not participate, and had no opportunity to cross-examine the witnesses regarding such testimony.

"(5) That Order No. 3715 is unlawful and illegal because the hearing on remand, on which it was in part based, was beyond the scope of the order of this Court and was beyond the power of the Court to order under Title 43–705 of the 1940 Code of Laws for the District of Columbia.

"(6) That said orders are unlawful, illegal and confiscatory."

## Scope of Review

■ Petitioner takes the position that the Court in hearing this appeal should consider and review the entire record with the view that the case is before the Court *de novo*. In support of this position it cites Potomac Electric Power Co. v. Public Utilities Commission of District of Columbia, 1921, 51 App.D.C. 77, 276 F. 327, wherein the Court of Appeals held that, under the provisions of the Act of Congress March 4, 1913, D.C.Code 1940, § 43–101 et seq., creating the Public Utilities Commission of the District of Columbia, the Court must exercise its own independent judgment as to both law and facts so far as necessary to determine the question in issue.

This Court agrees that such a position would be tenable under the terms of the applicable statute in 1921. However, the Court's powers as well as its duties and limitations in the instant appeal are such as are prescribed by the pertinent statute in effect at the time of the Commission's hearings, its orders pursuant thereto, and the appeals therefrom to the Court. The applicable statute is the Act of Congress of March 4, 1913, as amended August 27, 1935. Said statute, as so amended specifically provides that the review by the Court shall be limited to questions of law and that the findings of fact by the Commission shall be conclusive unless it shall appear that such findings of the Commission are unreasonable, arbitrary, or capricious. D.C. Code, Title 43, Section 706 (1940 Ed.) Act of Congress March 4, 1913, 37 Stat. 989, ch. 150, Sec. 8, Par. 66, as amended August 27, 1935, 49 Stat. 883, ch. 742, Sec. 2.

## Court Review of Record before Commission in Accordance with Applicable Test

■ The petitioner has urged that the elimination of the proposed C–2 line extension is an admission sufficient in itself, by the Commission, that W., M. & A. was a public utility affected by the proceeding in Formal Case No. 383, and that the said proceeding is thus void ab initio for failure to give W., M. & A. the prescribed statutory notice and to make it a party to the proceeding.

The Court is of the opinion that any defect in the proceeding caused by lack of notice to W., M. & A. was corrected by the Court's remand of the proceeding to the Commission and the subsequent action of W., M. & A. in the proceeding. The remand was ordered because of W., M. & A.'s contention that it was adversely affected by the extension of the C–2 and W–4 lines. The Commission found that this contention as regards the C–2 line was sound and accordingly amended its order by deleting therefrom the provision requiring the extension of the C–2 line. D.C.Code, Title 43, Section 709 (1940 Ed.). On the other hand the Commission found as a fact that W., M. & A. would not be ad-

versely affected by the extension of the W–4 line. The mandate of the Court in effect had directed that W., M. & A. be accorded a fair hearing after due notice. An examination of the record of the hearing before the Commission upon remand causes the Court to conclude that the mandate of the Court has been complied with. W., M. & A. was fully advised of the issue involved in the proposed extension of the W–4 line and ample opportunity was afforded it to participate in the hearings upon that issue. The record discloses that W., M. & A. took advantage of that opportunity.

Petitioner contends that order No. 3715 is illegal in that it establishes service competitive to that of petitioner despite the absence of substantial evidence of record showing such service to be necessary for the convenience of the public or that the service of petitioner is inadequate. Petitioner specifically alleges in its brief that the Commission made no finding of fact or conclusion that the extension of the W–4 line was "necessary for the convenience of the public" in compliance with the statutory pre-requisite to the establishment of competitive service contained in Title 44–201 District of Columbia Code of 1940. The findings of fact of the Commission, Nos. 1, 4, 8 and 11, supra, in the Court's opinion, constitute substantial compliance with the requirement of the Statute. The Court is unable to find that there is such an absence of substantial evidence in support of the Commission's findings as to overcome the conclusiveness thereof. An examination and analysis of the testimony of the numerous witnesses as to the need for the service afforded by the extension in question satisfies the Court that the Commission's findings are supported by substantial evidence.

The petitioner has also urged that order No. 3715 is unreasonable, arbitrary, and capricious for the reasons that it is based in part upon testimony taken at the original hearing and that it is based upon evidence which was not admissible. The Court finds itself unable to agree with this contention. Where there is substantial evidence in the record to sustain an administrative agency's determination, the admission of irrelevant and incompetent matter does not constitute reversible error. Sisto v. Civil Aeronautics Board, 1949, 86 U.S.App.D.C. 31, 179 F.2d 47. An examination of the proceedings in the P.U.C. Formal Case No. 383, considering the record in its entirety, causes the Court to conclude that the evidence before the Commission upon which its findings of fact are based is "substantial".

The petitioner has further urged that order No. 3715 is unlawful and illegal because the hearing on remand on which it was in part based, was beyond the scope of the order of the Court and beyond the power of the Court to order. The Court is unable to agree with this contention. The record at the time of the Court's order of remand did not contain sufficient evidence to enable the Court to make a determination of the claims of the petitioner. The order remanding the case to the Commission was based upon, supported, and governed by the provisions and requirements of the D.C.Code, Title 43, Section 705 (1940 Ed.). That statute required the Commission "to receive additional evidence upon any subject related to the issues on said appeal". The evidence received by the Commission in its second hearing was received in accordance with the authorization and requirement of the statute.

Upon examination of the record in its entirety the Court finds substantial, competent evidence to sustain the decision reached by the Commission and expressed in its order extending the W–4 line of CTC from 36th Street and Alabama Avenue, S. E., to Pennsylvania and Alabama Avenues, S. E. The Court recognizes the function of the Commission as the trier of the facts, and when supported by substantial evidence the Commission's choice between two conflicting views will not be disturbed. N. L. R. B. v. Arcade Sunshine Co., 73 App.D.C. 128, 118 F.2d 49, certiorari denied 1941, 313 U.S. 567, 61 S.Ct. 942, 85 L.Ed. 1526; Neff v. Federal Trade Commission, 4 Cir., 1941, 117 F.2d 495; Fioret Sales Co. v. Federal Trade Com-

mission, 2 Cir., 1938, 100 F.2d 358. The fact that conflicts in evidence or inferences to be drawn were resolved unfavorably to the W., M. & A. is not enough to justify setting aside the findings of the Commission on the ground that such action was unreasonable, arbitrary or capricious. Determinations by administrative agencies are not to be set aside by Courts if there is evidence to support them. This rule is applicable even though the Court might justifiably have reached a different conclusion had the matter been before it *de novo*. Swayne & Hoyt Ltd. v. United States, 1937, 300 U.S. 297, 304, 57 S.Ct. 478, 81 L.Ed. 659; Yankee Network v. Federal Communications Commission, 1939, 71 App.D.C. 11, 107 F.2d 212.

Conclusion

In the Court's opinion P.U.C. order No. 3715 is a valid order.

For the reasons stated, order No. 3715 of the Public Utilities Commission for the District of Columbia is affirmed.

Counsel will prepare proper order.