**UNITED STATES of America**

v.

**46 CASES, MORE OR LESS, Each Containing 24 Packages of an Article Labeled in Part: (pkg.) "WELCH'S NUT CARAMELS Net Weight 8 Ozs. * * * James O. Welch Company, Los Angeles, Calif., Cambridge, Mass. * * *", James O. Welch Company, Claimant.**

**Misc. No. 634.**

United States District Court
D. Rhode Island.

March 26, 1962.

Raymond J. Pettine, U. S. Atty., William J. Gearon, Asst. U. S. Atty., Providence, R. I., William E. Brennan, Food & Drug Adm., Washington, D. C., for plaintiff.

Paul V. Power, of Gaston, Snow, Motley & Holt, Boston, Mass., William H. Edwards, of Edwards & Angell, Providence, R. I., for defendant.

DAY, District Judge.

This is a libel brought under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., for the condemnation of 46 cases, more or less, each containing 24 packages of "Welch's Nut Caramels". It was originally filed in the District Court for the Northern District of Illinois and was removed to this District for trial by stipulation of the parties under the provisions of 21 U.S.C.A. § 334(a).

The libel charges that said candy was misbranded in two respects when introduced into and while in interstate commerce, viz.:

(1) that it was misbranded within the meaning of 21 U.S.C.A. § 343(a) "in that the label statement 'Nut Caramels' is misleading in view of the inconspicuousness of the ingredient statement which declares peanuts as the only nut ingredient."

(2) that it was misbranded within the meaning of 21 U.S.C.A. § 343(f) "in that the information required by Sections 343(e) (2) and (i) (2) to appear on the label, namely, quantity of contents and ingredient statements, is not prominently placed on the label with such conspicuousness (as compared with other words and statements on the label) as to render such information likely to be read by the ordinary individual under customary conditions of purchase and use."

The claimant, James O. Welch Company, admits that the packages involved herein were shipped by it in interstate commerce. It also admits that the only nuts in said candy are peanuts. The sole issue is whether said candy was misbranded as charged.

During the trial the Government introduced in evidence three of said packages as being typical of those seized by it and which it seeks to have condemned. In addition, it presented the testimony of a psychologist that the words "NUT CARAMELS" appearing on the label of said packages were many times more visible than the net weight and list of ingredients statements thereon. However, he did testify that the net weight and ingredients statements could be easily read by the average individual at a distance of approximately 29 inches. The Government also presented expert testimony by an allergist that some individuals are allergic to peanuts. Under cross-examination this expert witness stated that more individuals were allergic to other kinds of nuts. He also testified that technically the peanut is not a nut, but a legume.

The sole witness called by the claimant was one of its officers. He testified that in the candy making business the peanut is universally considered as being a nut. He further testified that during the many years of his association with the claimant he had never received or known of a complaint by a consumer that he had been misled by the description "NUT CARAMELS" appearing on the label of the packages containing said candy.

No evidence was offered by the Government to the effect that the ordinary consumer did not consider the peanut to be a nut, nor did it undertake to show by any evidence that ordinary consumers have been misled by the labeling on said packages.

■ This being a civil action, the burden is upon the Government to prove the grounds for forfeiture alleged in the libel, or either of them, by a fair preponderance of the evidence. United States v. Wood, 1955, 4 Cir., 226 F.2d 924; United States v. 449 Cases, Containing Tomato Paste, 1954, 2 Cir., 212 F.2d 567, 45 A.L.R.2d 846.

Although the libel alleges that said candy is subject to condemnation on the ground that it is misbranded within the meaning of 21 U.S.C.A. § 343(a) and also within the meaning of 21 U.S.C.A. § 343(f), it is clear that the Government seeks condemnation thereof on the ground that the net weight and ingredient statements on the label of the packages containing it are "not prominently placed thereon with such conspicuousness (as compared with other words, statements, designs, or devices, in the labeling) and in such terms as to render them likely to be read and understood by the ordinary individual under customary conditions of purchase and use." 21 U.S.C.A. § 343(f).

■ Any contention that the use of the words "NUT CARAMELS" on the package to describe its contents is false or misleading is in my opinion without merit. The use of the word "NUT" in this description of the candy enclosed in said package gives clear notice to any prospective purchaser that said candy contains nuts. Obviously it cannot be said that any person allergic to nuts of any kind would be led by said description

to believe he was buying candy which did not contain nuts of some kind.

■ The net weight and ingredient statements are printed on the label in a distinctive silver color that is not employed for any other statements appearing on said package. Both statements are printed in the same size type which the evidence establishes as being easily readable at a distance of approximately 29 inches by the average person. The Act prescribes no minimum specific standard as to how prominent such statements should be. It would seem that the requirements of said section 343(f) are met in a particular case if such statements are prominent enough to be seen and understood by the ordinary individual who is interested in discovering and learning the information disclosed thereby, and who makes a minimum examination of the package to determine its net weight and the ingredients of the candy contained in said package.

In my opinion the Government has failed to establish by a fair preponderance of the evidence that these requirements are not met by the packages involved here. The case of United States v. 70 Gross Bottles, 1952, D.C.S.D.Ohio, 3 Kleinfeld & Dunn, The Federal Food, Drug and Cosmetic Act 1951–1952, cited and relied upon by the Government, is clearly distinguishable on its facts. In that case the Court found the product involved to be misbranded because the word "saccharine" appearing in the ingredient statement on the label "is so small that one is unable to read it without the aid of a magnifying glass". In such a situation it was clearly not likely to be read by the ordinary individual under customary conditions of purchase and use.

For the foregoing reasons I conclude that said candy was not misbranded when introduced into interstate commerce within the meaning of Title 21 U.S.C.A. § 343(a) and § 343(f), that said libel should be dismissed and that said packages should be returned to the claimant, James O. Welch Company.

An appropriate order will be entered.