325 F.2d 513
 UNITED STATES of America
v.
60 28-CAPSULE BOTTLES, MORE OR LESS and 47 7-Capsule Bottles, more or less, of an article of drug labeled in part: "— UNITROL A TRUE APPETITE DEPRESSANT ONE CAPSULE WORKS ALL DAY, Republic Drug Company, Buffalo, New York — Each Capsule Contains: Phenyl Propanolamine Hydrochloride 75 Mg. In a Special Base that Provides for Timed Disintegration of the Contents Over a Period of Approx. 6 to 10 hours. This Capsule is Equal to One tablet of 25 Mg. Potency Taken 3 Times Daily — R 9229" (Other Codes: 9131: R 9172): and one Counter Display Carton reading in part: "Safe Easy Reducing Plan": one window banner reading in part: "Lose Weight up to 14 lbs. in 14 days Unitrol . . . That's All"
Nysco Laboratories, Inc., Claimant-Appellant.
 No. 14437.
 United States Court of Appeals Third Circuit.
 Argued November 6, 1963.
 Decided December 3, 1963.
 
 Solomon H. Friend, New York City, (Bass & Friend, New York City, on the brief), for appellant.
 William E. Brennan, Dept. of Health, Education and Welfare, Washington, D. C. (Herbert J. Miller, Asst. Atty. Gen., David M. Satz, Jr., U. S. Atty., James D. Butler, Asst. U. S. Atty., Newark, N. J., William W. Goodrich, Asst. Gen. Counsel, Joanne S. Sisk, Atty., Dept. of Health, Education and Welfare, Washington, D. C., on the brief), for appellee.
 Before STALEY, HASTIE and SMITH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of the district court condemning certain articles of drug as misbranded within the meaning of 21 U.S.C. § 352(a) (1958 ed.). The appellant contends that the district court erred in holding that the burden of proof on the United States in a misbranding action requires only that it prove its contention by a fair preponderance of the evidence. It is asserted that our decision in Van Camp Sea Food Co. v. United States, 82 F.2d 365 (C.A. 3, 1936), rejects that standard in cases of this type and requires a higher degree of proof on the part of the government, i. e., that it establish its case by clear and satisfactory evidence.
 
 
 2
 There is language in Van Camp which purports to adopt the rule urged by the appellant. However, it appears from an analysis of the opinion in that case that this language was not decisional, for the court premised its dismissal of the libel on the following supposition:
 
 
 3
 "But assuming for present purposes the instructions of the court were right and that in a forfeiture case the preponderance, as in a civil case, is all that is required, did the proofs make out such a case that it could be submitted by [sic] a jury to find there was a preponderance? The answer to this question requires the critical study of the proofs, which we now try to make." 82 F.2d at 366.
 
 
 4
 Thus the court's expression of agreement with the "clear and satisfactory evidence" test was not essential to its decision. Moreover, the holding in Van Camp was based on a construction of the Food and Drugs Act of 1906, whereas the instant action was brought under the Federal Food, Drug, and Cosmetics Act of 1938, 21 U.S.C. §§ 301, 392 (1958 ed.). The appellate cases considering the question under the 1938 Act adopt the fair preponderance of the evidence criterion. United States v. Wood, 226 F.2d 924 (C.A. 4, 1955); United States v. 449 Cases, Containing Tomato Paste, 212 F.2d 567, 573, 45 A.L.R.2d 846 (C.A. 2, 1954); United States v. 5 Cases, More or Less, Containing "Figlia Mia Brand," 179 F.2d 519, 524 (C.A. 2), cert. denied, 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950). See also, C. C. Co. v. United States, 147 F.2d 820, 824 (C.A. 5, 1944). Because of the public interest in cases of this kind, we think that the rationale of these decisions is unassailable. Accordingly, we hold that the district court applied the proper evidentiary standard to the case at bar.
 
 
 5
 The appellant also makes a broad frontal attack on the findings of the district court, asserting that they are clearly erroneous. However, an examination of the record convinces us that there is a plethora of evidence both documentary and testimonial to support the district court's factual determinations.
 
 
 6
 The appellant has also filed a motion to remand this case to the district court on the basis of newly discovered evidence, but the evidence cited to support the motion is not of sufficient character as would justify the granting of such relief.
 
 
 7
 The judgment of the district court will be affirmed, and the motion to remand will be denied.